RICHARD L. KELLNER, SBN 171416
FRANK E. MARCHETTI, SBN 203185
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071-3801
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

SHAWN KHORRAMI, SBN 180411
LAW OFFICES OF SHAWN KHORRAMI
14550 Haynes Street, Third Floor
Van Nuys, California 91411
Telephone: (818) 947-5111
Facsimile: (818) 947-5121

GREGORY E. KELLER (To be admitted *pro hac vice*)
DARREN T. KAPLAN (To be admitted *pro hac vice*)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CLICK DEFENSE INC., a Colorado corporation, Individually and on behalf of all others similarly situated

Plaintiffs,

-against-

GOOGLE, INC., a Delaware corporation, and DOES 1 THROUGH 100, Inclusive,

Defendants.

Case No. C05 02579

**CLASS ACTION COMPLAINT FOR:**

1. **BREACH OF CONTRACT;**
2. **NEGLIGENCE;**
3. **UNJUST ENRICHMENT; AND**
4. **UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS & PROFESSIONS CODE 17200, ET SEQ.)**

**JURY TRIAL DEMANDED**

1

Class Action Complaint

Plaintiff Click Defense, Inc., by and through its attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief are based upon, among other things, its and/or counsels' investigation, which included without limitation: (a) review and analysis of filings made by Google, Inc. ("Google") with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of information posted by Google at https://adwords.google.com/select/Login and https://www.google.com/adsense/; (c) review and analysis of press releases and other publications disseminated by Google; (d) review of news articles and postings on various Internet forums concerning Google's "AdWords" and "AdSense" programs; and (e) review of other publicly available information concerning Google. Plaintiff believes that further substantial evidentiary support will exist for the allegations herein after a reasonable opportunity for discovery. Many of the facts supporting the allegations contained herein are known only to Google or are within its control.

## SUMMARY OF CLAIMS

1. This is a class action against Google for Breach of Contract, Negligence, Unjust Enrichment and Unfair Business Practices (California Business & Professions Code §17200, Et Seq.). Plaintiff brings this action on behalf of itself and all other persons or entities, except for Google and certain of their related parties as described below, who, within the past five years, have paid money to Google for advertising through Google's "AdWords" program.

## THE PARTIES

2. Plaintiff Click Defense, Inc. is a corporation organized under the laws of the State of Colorado with its principal place of business in Fort Collins, Colorado. Plaintiff is, and was at all times herein mentioned, qualified to do business in Colorado. Plaintiff is engaged in the business of providing software and services designed to keep track of Pay-Per-Click advertising. Plaintiff brings this

1. action individually and as a class action under rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and/or entities that paid money to Google for advertising through Google's "AdWords" program.

2. 3. Defendant Google is a corporation organized under the laws of the State of Delaware, with its principal place of business in Mountain View, California, which is within the Northern District of California. Google is, and was at all times herein mentioned, qualified to do business in California. Google provides Internet search engine services to Internet users and advertising services to individuals, businesses and educational and governmental entities involved in Internet sales and marketing throughout the United States. Purchasers of such advertising services presumptively include citizens of every state in the United States.

3. 4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 100, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictious names.

4. 5. Plaintiff will ask leave to amend this Complaint to state said Defendants' true identities and capacities when the same have been ascertained.

5. 6. Each of the Defendants designated herein as DOE took part in and participated with Google in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by Plaintiff.

6. 7. At all times herein mentioned, each of the Defendants was the agent, servant, and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, and approved of the acts of his agents, employees, and representatives, and each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoings alleged in this Complaint.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) in that it is class action filed under rule 23 of the Federal Rules of Civil Procedure, the matter in controversy, as aggregated pursuant to 28 U.S.C. § 1332(d)(6) exceeds the sum of $5,000,0000 exclusive of interest and costs, and a substantial number of members of the class of plaintiffs are citizens of a state different from Google.

9. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) in that (1) Google resides in this judicial district, (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and (3) Google is subject to personal jurisdiction in the Northern District of California. In addition, the agreement between Google and all members of the class provides that, "[t]his Agreement must be . . . adjudicated in Santa Clara County, California," which is within the Northern District of California.

## CLASS ACTION ALLEGATIONS

10. **Alleged Class**: Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of all persons and/or entities that paid money to Google for advertising through Google's "AdWords" program. Excluded from the Class are Defendants, officers and directors of the Company, members of the immediate families and each of their legal representatives, heirs, successors or assigns and any entity in which Google has or has had a controlling interest.

11. This action is properly maintainable as a class action because:

(a) the members of the Class for whose benefit this action is brought are dispersed throughout the United States and are so numerous that joinder of all Class members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that Class members number in the thousands.

Class Action Complaint

Case 5:05-cv-02579-RMW   Document 1   Filed 06/24/2005   Page 5 of 18

Members of the Class may be identified from records maintained by Google and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in class actions;

    (b)    Plaintiff's claims are typical of those of the Class as all members of the Class are similarly affected by Google's actionable conduct as alleged herein;

    (c)    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation including class actions within the Northern District of California. Plaintiff has no interests antagonistic to, or in conflict with, the Class that Plaintiff seeks to represent;

    (d)    A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein, because joinder of all members is impracticable. Furthermore, because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to redress the wrongs done to them. The likelihood of individual Class members prosecuting separate claims is remote;

    (e)    Plaintiff anticipates no difficulties in the management of this action as a class action; and

    (f)    The questions of law and fact common to the members of the Class predominate over any questions affecting individual members of the Class. Among the questions of law and fact common to the Class are:

        i.    the pervasiveness of advertising "click fraud;"

        ii.    the construction of the agreement between Google and the Class;

        iii.    Google's acts and/or omissions as alleged herein;

Class Action Complaint

      iv. whether Google's promotional and advertising materials for its "AdWords" program misrepresented and/or omitted material facts with respect to the pervasiveness of "click fraud;"

      v. whether Google has breached its agreement with the class;

      vi. whether Google has taken adequate measures to prevent "click fraud;"

      vii. whether Google has properly accounted and for and refunded fees it has wrongfully collected from identified victims of "click fraud;" and

      viii. to what extent the members of the Class have sustained damages and the proper measure of damages.

## SUBSTANTIVE ALLEGATIONS COMMON TO ALL COUNTS

### 1. Google "AdWords" and "AdSense" Programs

12. Plaintiff alleges the following on information and belief:

13. Google's free Internet search engine is the most widely-used Internet search engine in the world. It answers hundreds of millions of user searches and covers billions of web pages each day.

14. Google also sells a number of products and services to individuals and business, educational and governmental entities. One of the programs Google offers to its business customers is a keyword-triggered advertising program entitled "AdWords." Google has offered this program since October 2000.

15. Google's AdWords program permits Google's advertising customers to purchase advertising links associated with certain keywords. Google posts the links on the margins of its search engine results pages based on whichever keywords appear in user queries posted to Google's Internet search engine. Google's advertising customers pay Google based on the number of Internet users who click on these advertising links.

16. Google's advertisers select the keywords that will trigger their advertisements. Thus, for example, a computer hardware retailer might select keywords such as "computer," "hard drive," "memory," and the like. Then, whenever a user entered a search string containing any of those keywords, that retailer's paid advertisement would appear alongside the search results.

17. Advertisers make bids for the key words that will trigger their advertisements. The highest bidder for a word or phrase generally finds its ad on top of the list. Advertisers then pay Google a fee every time someone clicks on their ad. Payments average approximately 50 cents per click, but can reach over $100 for sought-after terms valuable to advertisers.

18. Google also places the AdWords text ads on other Web sites though its "AdSense" program. Under this program, relevant ads are selected based on the particular website's content. Again, Advertisers pay Google a fee every time someone clicks on their ad as displayed thorough the AdSense program. A portion of the fee the advertisers pay to Google is then remitted back to the site which displays the ad.

19. Other internet search companies besides Google offer variants on Google's AdWords program. These programs are substantially identical to Google's in that advertisers pay fees to the internet search company each time their ads are clicked. These programs are referred to generically as "pay-per-click".

20. According to Google's 2005 Annual Report, advertising revenue (which means revenue from AdWords) represents 99% of Google's total revenue in 2004.

### 2. "Click Fraud"

21. "Click Fraud" is the term the industry uses to describe when someone clicks on a search advertisement with an ill intent and with no intention of doing business with the advertiser. It is not "fraud" as such is understood at common law nor under the pleading requirements of the federal rules; rather, it merely describes purposeful clicks on advertisements for some kind of improper purpose. Perpetrators

Class Action Complaint

of click fraud exploit the nature of pay-per-click advertising in order to increase the pay-per-click fees paid by rivals, boost the placement of their own advertisements, or to directly profit from the activity. Many of these fraudulent clickers have used software programs that automatically click on ads hundreds or thousands of times:

    (a)   Business rivals use click fraud to drive up the advertising costs of their competitors, often to the point that they use up a competitor's budget and cause the competitor's pay-per-click advertisement to be removed from further search results, which may also boost the prominence of the fraudulent clicker's own advertisement.

    (b)   Another form of click fraud is engaged in by companies who accept pay-per-click advertising on their websites under programs such as Google's AdSense program. These sponsoring companies engage in click fraud to increase their own commissions, which in turn also increases the amount that advertisers pay for the advertisements.

22. Click fraud can be prevented by tracking the use of a pay-per-click advertisement, including who is clicking on the advertisement/link and how often the same individual clicks on it. Such tracking can be accomplished by computer programs that count the number of clicks originating from a single source and whether or not those clicks result in a sale. It is likely that the very computer programs that Google uses to track clicks for purposes of charging their advertisers fees could also be used to screen for fraudulent clicks.

23. Tracking fraudulent clicks at the source—that is, the website on which the advertisement clicked on appears--is even more effective since websites that host advertisements provide tracking data to Google with every click.

24. Google appears to be at least partially able to ascertain which "clicks" constitute "click-fraud," insofar as it has provided a small number of rebates to advertisers who have complained of being victims of click fraud.

25. Google is in a unique position to track click fraud that originates though its own AdSense program since these sites are affiliates of Google and the entire process takes place within the closed-end Google universe of internet links.

### 3. The Pervasiveness of Click Fraud

26. Click fraud is a rampant problem in the pay-per-click advertising business. Some analysts believe that as many as 20% of clicks are fraudulent.

27. In December 2004, Google's chief financial officer, George Reyes, characterized click fraud as, "the biggest threat to the Internet economy."

28. However, in a meeting with analysts in February Google co-founder, Sergey Brin downplayed Reyes's comments.

### 4. Google's Failure to Disclose the Pervasiveness of Click Fraud

29. Google disclosed the following in its 2005 Annual Report:

> *If we fail to detect click-through fraud, we could lose the confidence of our advertisers, thereby causing our business to suffer.*
>
> We are exposed to the risk of fraudulent clicks on our ads by persons seeking to increase the advertising fees paid to our Google Network members. We have regularly refunded revenue that our advertisers have paid to us and that was later attributed to click-through fraud, and we expect to do so in the future. Click-through fraud occurs when a person clicks on a Google AdWords ad displayed on a web site in order to generate the revenue share payment to the Google Network member rather than to view the underlying content. If we are unable to stop this fraudulent activity, these refunds may increase. If we find new evidence of past fraudulent clicks we may have to issue refunds retroactively of amounts previously paid to our Google Network members. This would negatively affect our profitability, and these types of fraudulent activities could hurt our brand. If fraudulent clicks are not detected, the affected advertisers may experience a reduced return on their investment in our advertising programs because the

Class Action Complaint

fraudulent clicks will not lead to potential revenue for the advertisers. This could lead the advertisers to become dissatisfied with our advertising programs, which could lead to loss of advertisers and revenue.

30. In this context, and given the fact that 99% of its revenue is derived from AdWords there is little doubt why Google will not disclose its own estimate of the number of fraudulent clicks its advertisers pay for.

31. Nevertheless, Google knows, and at all relevant times hereto has known, that click fraud is rampant in its AdWords program and that the advertisements it sold and sells to Plaintiff and the class are worth significantly less than the amount which plaintiff and the Class have bid for key words and have consequently paid to Google for clicks.

32. Google has failed to take any significant measures to track or prevent click fraud, and fails to adequately warn its existing and potential customers about the existence of click fraud.

33. When customers become the victims of click fraud, Google fails to (a) adequately advise them that they have been victimized, and (b) refund them the excess charges that they have incurred as a result of the fraudulent click activity.

34. Google has an inherent conflict of interest in preventing click fraud since it derives the same amount of income from each fraudulent click as it does from each legitimate click.

### 5. Google's Agreement with the Class

35. All AdWords advertisers enter into the "Google Inc. AdWords Program Terms" (the "AdWords Program Terms"). The AdWords Program Terms are revised from time-to-time, but remain identical in substance. All AdWords advertisers are required to accept these new Terms and Conditions in order to advertise with the AdWords program. A copy of the "AdWords Program Terms," is annexed hereto as Exhibit "A" and made a part hereof.

36. Pursuant to the "AdWords Program Terms," advertisers "shall be charged based on actual clicks …." A fraudulent click is not, however, an "actual click," not only within the meaning of "AdWords Program Terms" but pursuant to industry practices and Google's own practices as demonstrated by the limited refunds Google has made to advertisers who have complained of being victims of click fraud.

37. Every member of the Class is a party to the AdWords Program Terms.

38. The AdWords Program Terms provide that the agreement is to be "governed by California law." Therefore, a single body of substantive state law applies to this action such that a nationwide class may be certified.

## FACTUAL BACKGROUND

39. On or around January 21, 2005, Click Defense entered into a written form contract with Google for the placement of a pay-per-click advertisement to be displayed as a sponsored link. Click Defense successfully bid $3 for the display of Click Defense's advertisement and a link to Click Defense's website whenever a user of Google's search engine searched for the key words "click fraud." Other than the amount of Click Defense's bid, Click Defense was not permitted to negotiate the specific terms of the contract – the terms were offered by Google on a take it or leave it basis.

40. Between January 21, 2005 and the present, Click Defense became the victim of click fraud.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

41. Plaintiff repeats and realleges each of the preceding paragraphs, as if set forth fully herein.

42. Pursuant to the "AdWords Program Terms," advertisers "shall be charged based on actual clicks …." A fraudulent click is not an "actual click," not only within the meaning of "AdWords Program Terms" but pursuant to industry

practices and Google's own practices as demonstrated by the limited refunds Google has made to advertisers who have complained of being victims of click fraud.

43. Further, the AdWords Program Terms contains and contained an implied covenant of good faith and fair dealing that Google would not do anything that would have the effect of injuring the right of plaintiff and the Class to receive the benefits of the contract.

44. Google breached its contracts with Plaintiff and the Class, and the covenant of good faith and fair dealing, by collecting fees from plaintiff and the Class for click fraud even though Google knew, or should have reasonably known, that the clicks were not "actual clicks" but rather purposeful clicks made for an improper purpose.

45. As a direct and proximate result of Google's breach of the covenant of good faith and fair dealing, plaintiff and the Class have been damaged in an amount to be determined at trial but in excess of an aggregated amount of $5,000,000.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE)

46. Plaintiff repeats and realleges each of the preceding paragraphs, as if set forth fully herein.

47. Google owes and owed a duty to plaintiff and the Class to monitor its AdWords program for click fraud and to protect plaintiff and the Class from click fraud to ensure that Plaintiff and the Class were charged only for "actual clicks."

48. Google has breached its duty to plaintiff and the Class by failing to adequately monitor its AdWords program for click fraud and to protect plaintiff and the Class from click fraud, and by charging plaintiff and the Class for purposeful clicks on search advertisements made for an improper purpose.

49. As a proximate result of Google's breach of their duties owed to plaintiff and the Class, plaintiff and the Class have been damaged in an amount to be determined at trial but in excess of an aggregated amount of $5,000,000.

## THIRD CAUSE OF ACTION
## (UNJUST ENRICHMENT)

50. Plaintiff repeats and realleges each of the preceding paragraphs, as if set forth fully herein.

51. Google has received and retains money belonging to plaintiff and the Class resulting from clicks made for an improper purpose, i.e., fraudulent clicks.

52. Under principles of equity and good conscience, Google should not be permitted to retain the money belonging to plaintiff and the Class which Google has unjustly received as a result of its actions.

## FOURTH CAUSE OF ACTION
## (UNFAIR BUSINESS PRACTICES)
## (BUSINESS & PROFESSIONS CODE 17200, ET SEQ.)

53. Plaintiff repeats and realleges each of the preceding paragraphs, as if set forth fully herein.

54. As described above, the Agreement between Google and plaintiff and the Class provides that the Agreement shall be governed by California law. California Business & Professions Code § 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."

55. Google's conduct in charging Plaintiff and the class for fraudulent clicks, as alleged hereinabove, violated California Business & Professions Code, section 17200, et seq. because it was an unlawful, unfair and/or fraudulent business act and practice.

56. As a proximate result of Google's conduct alleged herein, both Plaintiff and the class have sustained pecuniary loss.

57. Unless restrained by this Court, Defendant Goggle will continue to engage in the unlawful, unfair, and/or fraudulent business acts or practices alleged above, in violation of Section 17200 of the Business and Professions Code, thus tending to render judgment in the instant action ineffectual. Plaintiff has no

1  adequate remedy at law, in that Defendant will continue to engage in such practices,
2  as alleged above, in violation of Section 17200 of the <u>Business and Professions</u>
3  <u>Code</u>, thus engendering a multiplicity of judicial proceedings.

4    58.   Plaintiff and the Class are entitled to the disgorgement of any profits
5  Google obtained as a result of charging plaintiff and the Class for fraudulent clicks,
6  restitution of any monies plaintiff and the Class paid for clicks that could be
7  determined to be fraudulent, and attorneys' fees as provided by California <u>Code of</u>
8  <u>Civil Procedure</u>, section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Click Defense, individually and on behalf of all those similarly situated, prays for judgment against Google as follows:

   i.   Allowing this action to be brought as a class action;

   ii.  Awarding Plaintiff and the Class damages for Google's breach of contract in an amount to be determined at trial but not less than an aggregate amount in excess of $5,000,000;

   iii. Awarding Plaintiff and the Class damages for Google's negligence in an amount to be determined at trial but not less than an aggregate amount in excess of $5,000,000;

   iv.  Requiring Google to return Plaintiff's and the Class's money in the amount in which Google has been unjustly enriched;

   vii. Awarding Plaintiff and the Class injunctive relief and restitution for Google's violation of the Business & Professions Code section 17200;

   viii. Awarding Plaintiff and the Class pre- and post-judgment interest as allowed by law;

   ix.  Awarding counsel for Plaintiff and the Class reasonable attorneys' fees and costs;

   x.   Awarding Plaintiff and the Class declaratory and injunctive relief requiring Google to disclose the true extent of click fraud and to credit all members

1 | of the class for any clicks that were the result of click fraud; and

2 |       xi.    Granting such other and further relief that this Court may deem
3 | just and proper.

Dated: June 23, 2005

KABATECK BROWN KELLNER LLP

By: _____
Frank E. Marchetti
Attorneys for Plaintiffs

K:\Cases\Pay Per Click\GOOGLE\PLEADINGS\Google Complaint (FINAL).doc

**Google Inc. AdWords Program Terms**

These Google Inc. AdWords Program Terms ("**Terms**") are entered into by you and Google Inc. ("**Google**") regarding the Google AdWords Program ("**Program**") as further described in the Program's frequently asked questions at https://adwords.google.com/support/bin/index.py?fulldump=1 (the "**FAQs**") (collectively, the "**Agreement**"). "You" or "you" means the party listed on the account you create and you represent you have the authority to agree to this Agreement for that party. You represent and warrant that you are authorized to act on behalf of, and bind to this Agreement, any third party for which you generate ads. You hereby agree and acknowledge:

**1  Policies.** Program use is subject to all applicable Google and Partner policies, including without limitation the Editorial Guidelines (adwords.google.com/select/guidelines.html), Google Privacy Policy (www.google.com/privacy.html) and Trademark Guidelines (www.google.com/permissions/trademarks.html). Policies may be modified any time. You shall direct only to Google communications regarding your ads on Partner Properties. Some Program features are identified as "Beta," "Ad Experiment," or otherwise unsupported ("**Beta Features**"). Beta Features are provided "as is" and at your option and risk. You shall not disclose to any third party any information from, existence of or access to Beta Features. Google may modify ads to comply with any Google Property or Partner Property policies.

**2  The Program.** You are solely responsible for all: (a) keywords and ad targeting options (collectively "**Targets**") and all ad content and ad URLs ("**Creative**"), whether generated by or for you; and (b) web sites proximately reachable from Creative URLs and your services and products (collectively "**Services**"). You shall protect your passwords and take full responsibility for your own, and third party, use of your accounts. Ads may be placed on (y) any content or property provided by Google ("**Google Property**"), and unless opted-out by you (z) any other content or property provided by a third party ("**Partner**") upon which Google places ads ("**Partner Property**"). Google or Partners may reject or remove any ad or Target for any or no reason. You may independently cancel online any campaign at any time (such cancellation is generally effective within 24 hours). Google may cancel immediately any IO, the Program or these Terms at any time with notice (additional notice is not required to cancel a reactivated account). Google may modify the Program or these Terms at any time without liability and your use of the Program after notice that Terms have changed indicates acceptance of the Terms. Sections 1, 2, 4,

5, 6 and 7 will survive any expiration or termination of this Agreement.

**3 Prohibited Uses.** You shall not, and shall not authorize any party to: (a) generate automated, fraudulent or otherwise invalid impressions or clicks; or (b) advertise anything illegal or engage in any illegal or fraudulent business practice in any state or country where your ad is displayed. You represent and warrant that (x) all your information is correct and current; (y) you hold and grant Google and Partners all rights to copy, distribute and display your ads and Targets ("**Use**"); and (z) such Use and websites linked from your ads (including services or products therein) will not violate or encourage violation of any applicable laws. Violation of these policies may result in immediate termination of this Agreement or your account without notice and may subject you to legal penalties and consequences.

**4 Disclaimer and Limitation of Liability.** GOOGLE DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION FOR NONINFRINGEMENT, MERCHANTABILITY AND FITNESS FOR ANY PURPOSE. Google disclaims all guarantees regarding positioning or the levels or timing of: (i) costs per click, (ii) click through rates, (iii) delivery of any impressions on any Partner Property or Google Property or sections of such properties, (iv) clicks or (v) conversions for any ads or Targets. EXCEPT FOR INDEMNIFICATION AMOUNTS PAYABLE TO THIRD PARTIES HEREUNDER AND YOUR BREACHES OF SECTION 1, TO THE FULLEST EXTENT PERMITTED BY LAW: (a) NEITHER PARTY WILL BE LIABLE FOR ANY CONSEQUENTIAL, SPECIAL, INDIRECT, EXEMPLARY, PUNITIVE, OR OTHER DAMAGES WHETHER IN CONTRACT, TORT OR ANY OTHER LEGAL THEORY, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND NOTWITHSTANDING ANY FAILURE OF ESSENTIAL PURPOSE OF ANY LIMITED REMEDY; AND (b) EACH PARTY'S AGGREGATE LIABILITY TO THE OTHER IS LIMITED TO AMOUNTS PAID OR PAYABLE TO GOOGLE BY YOU FOR THE AD GIVING RISE TO THE CLAIM. Except for payment, neither party is liable for failure or delay resulting from a condition beyond the reasonable control of the party, including but not limited to acts of God, government, terrorism, natural disaster, labor conditions and power failures.

**5 Payment.** You shall be charged based on actual clicks or other billing methods you may choose online (e.g. cost per impression). You shall pay all charges in the currency selected by you via your online AdWords account, or in such other currency as is agreed to in writing by the parties. Charges are exclusive of taxes. You are responsible for paying (y) all taxes and government charges, and (z) reasonable expenses and attorney fees

EXHIBIT A

Google incurs collecting late amounts. You waive all claims relating to charges unless claimed within 60 days after the charge (this does not affect your credit card issuer rights). Charges are solely based on Google's click measurements. Refunds (if any) are at the discretion of Google and only in the form of advertising credit for Google Properties. You acknowledge and agree that any credit card and related billing and payment information that you provide to Google may be shared by Google with companies who work on Google's behalf, such as payment processors and/or credit agencies, solely for the purposes of checking credit, effecting payment to Google and servicing your account. Google may also provide information in response to valid legal process, such as subpoenas, search warrants and court orders, or to establish or exercise its legal rights or defend against legal claims. Google shall not be liable for any use or disclosure of such information by such third parties.

**6  Indemnification.** You shall indemnify and defend Google, its agents, affiliates, and licensors from any third party claim or liability (including without limitation reasonable legal fees) arising out of your Program use, Targets, Creative and Services and breach of the Agreement.

**7  Miscellaneous.** The Agreement must be construed as if both parties jointly wrote it, governed by California law except for its conflicts of laws principles and adjudicated in Santa Clara County, California. The Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof. You may grant approvals, permissions and consents by email, but any modifications by you to the Agreement must be made in a writing (not including email) executed by both parties. Any notices to Google must be sent to: Google Inc., AdWords Program, 1600 Amphitheatre Parkway, Mountain View, CA 94043, USA, with a copy to Legal Department, via first class or air mail or overnight courier, and are deemed given upon receipt. Notice to you may be effected by sending email to the email address specified in your account, or by posting a message to your account interface, and is deemed received when sent (for email) or no more than 15 days after having been posted (for messages in your AdWords interface). A waiver of any default is not a waiver of any subsequent default. Unenforceable provisions will be modified to reflect the parties' intention, and remaining provisions of the Agreement will remain in full effect. You may not assign any of your rights hereunder and any such attempt is void. Google and you and Google and Partners are not legal partners or agents, but are independent contractors.

*April 19, 2005*

**EXHIBIT A**