1  KEKER & VAN NEST, LLP
   DARALYN J. DURIE - #169825
2  CLEMENT S. ROBERTS - #209203
   RYAN M. KENT - #220441
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Defendant
6  GOOGLE, INC.

7

8
                           UNITED STATES DISTRICT COURT
9
                         NORTHERN DISTRICT OF CALIFORNIA
10
                                  SAN JOSE DIVISION
11

12

13 | CLICK DEFENSE INC., a Colorado corporation, Individually and on behalf of all others similarly situated, | Case No. C 05 02579 RMW
   | | **E-FILING**
14 | | 
   | Plaintiffs, | **GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
15 | |
   | v. | 
16 | |
   | GOOGLE, INC., a Delaware corporation, and DOES 1 through 100, Inclusive, |
17 | | Date:    September 2, 2005
   | | Time:    9:00 a.m.
18 | Defendants. | Judge:   Hon. Ronald M. Whyte

19                                             Date Comp. Filed:   June 24, 2005

20

21

22

23

24

25

26

27

28

                                          1
**GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS**
CASE NO. C 05 02579  RMW

355377.03

Dockets.Justia.com

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 2, 2005, at 9:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Ronald M. Whyte of the United States District Court for the Northern District of California, 280 South First Street, San Jose, California, Defendant Google, Inc. ("Google"), will and hereby does move the Court move to dismiss the above referenced complaint with respect to the claims of negligence and unjust enrichment.

Google requests that the Court dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because plaintiff has failed to state a claim upon which relief can be granted.

This motion is supported by the following memorandum of points and authorities, the arguments of counsel, and any other matters properly before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This Court should dismiss plaintiff's negligence and unjust enrichment causes of action for failure to state a claim. Plaintiff brought suit against Google premised on a single allegation—that Google overcharged for pay-per-click advertising by failing to discover and discount for internet users who viewed plaintiff's advertisements with an ill intent and with no intention of doing business with the plaintiff. Based on that allegation, plaintiff asserted four causes of action: breach of contract, negligence, unjust enrichment, and unfair business practices. Taking the facts pled by plaintiff as true, however, the law bars plaintiff's negligence and unjust enrichment claims.

A plaintiff cannot recover for negligence "unless the defendant violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999). But plaintiff's negligence claim is premised on the same duty that plaintiff asserts Google contractually owes its advertisers—ensuring that advertisers are only charged for "actual clicks."

Nor can plaintiff maintain its unjust enrichment claim. Unjust enrichment implies the existence of a contract. But where an actual contract exists and governs a particular dispute, the

2
**GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
CASE NO. C 05 02579  RMW

355377.03

1  court need not and cannot imply a contract.  As the Ninth Circuit concisely stated, "[u]nder both
2  California and New York law, unjust enrichment is an action in quasi-contract, which does not
3  lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor*
4  *Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  Here, plaintiff
5  alleges that the parties entered into a legally binding contract that governs the parties' respective
6  rights, including what advertisers should be charged.  Plaintiff cannot avoid those contractual
7  provisions it does not like by attempting to bring a claim for unjust enrichment.

## II.    FACTUAL BACKGROUND

9   This case is premised on the allegation that Google, Inc. ("Google") overcharged for pay-
10 per-click advertising by failing to discover and discount for internet users who viewed plaintiff's
11 advertisements with an ill intent and with no intention of doing business with the advertiser.  *See*
12 Plaintiffs' Class Action Complaint ("Complaint") ¶¶ 44, 47, 48, 51, 55.  Pay-per-click
13 advertising, as defined by plaintiff, is a system where advertisers pay an internet search
14 company, such as Google, to post advertising links on the margins of a web page.  Compl. ¶ 17.
15 In pay-per-click advertising, an advertiser does not pay a flat fee; rather, the advertiser pays each
16 time someone clicks on the advertiser's ad.  Compl. ¶ 17.  The complaint alleges that some
17 viewers click on ads "with an ill intent and with no intention of doing business with the
18 advertiser."  Compl. ¶ 21.  Plaintiff defines such clicks as "fraudulent," Compl. ¶ 21, and asserts
19 that the advertiser should not be charged for such clicks.  Compl. ¶¶ 44, 48, 51, 55.  On that
20 basis, plaintiff alleges four causes of action—breach of contract, negligence, unjust enrichment
21 and unfair business practices.  *Id.*  The Complaint fails to explain how Google is supposed to
22 derive that a particular click was made with "an ill intent."

## III.    ARGUMENT

24 Google moves this Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)
25 because plaintiff has failed to state a claim for negligence or unjust enrichment.  Pursuant to Rule
26 12(b)(6), dismissal is appropriate where there is no "cognizable legal theory or an absence of
27 sufficient facts alleged to support a cognizable legal theory." *See Navarro v. Block*, 250 F.3d
28 729, 731 (9th Cir. 2001).  In making that determination, the court should accept as "true all

3
**GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
CASE NO. C 05 02579  RMW

355377.03

material allegations of the complaint, along with all reasonable inferences therein." *Id*. at 732.

### A. California Law Bars Plaintiff's Negligence Action Because Plaintiff Failed to Identify A Duty Independent Of the Contract

A plaintiff cannot recover for negligence "unless the defendant violates a duty independent of the contract arising from principles of tort law." *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999). That is because "[a]n omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty." *Id*. Otherwise, there would be no "statutory distinction between tort and contract remedies." *Id*. at 553-54. Accordingly, the Ninth Circuit has recognized that California cases "have taken an increasingly narrow view of a plaintiff's right to recover tort damages for a claim that arises from the breach of an underlying contract." *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002).

For example, in *Erlich*, the plaintiffs sought recovery on several theories, including breach of contract and the negligence. 21 Cal. 4th at 549. At trial, the plaintiff prevailed on the fraud and negligent misrepresentation claims. *Id*. The jury found that the defendant had breached his contract with the plaintiffs by negligently constructing their home. *Id*. After an appellate court sustained the jury's award in part because defendants' negligence exposed the plaintiffs to "intolerable living conditions and a constant, justifiable fear about the safety of their home," *Id.* at 550, the Supreme Court reversed and overturned the jury verdict. The Supreme Court found that because "the jury concluded [defendant] did not act intentionally; nor was he guilty of fraud or misrepresentation," the claim was actually "for negligent breach of a contract, which is not sufficient to support tortious damages for violation of an independent tort duty." *Id*. at 554.

Like in *Erlich*, plaintiff failed to identify any duty independent of the contract that Google allegedly breached. Plaintiff alleges that Google breached "a duty to . . . monitor its AdWord program for click fraud and to protect [its advertisers] from click fraud to ensure that [its advertisers] were charged only for 'actual clicks.'" Compl. ¶ 47. But Google has no such duty apart from whatever obligations are imposed by contract. The contracts between Google and the advertisers set forth Google's obligations; and the Complaint so recites: "Google

4

**GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
CASE NO. C 05 02579 RMW

355377.03

1  breached its contracts with Plaintiff and the [purported] Class . . . by collecting fees from
2  plaintiff and the [purported] Class for click fraud even though Google knew . . . that the clicks
3  were not 'actual click' but rather purposeful clicks made for an improper purpose."  Compl. ¶ 44.
4  Because plaintiff's negligence cause of action asserts nothing more than that Google breached its
5  contract, it should be dismissed.  *See Erlich*, 21 Cal. 4th at 554; *see also Freeman & Mills, Inc. v.*
6  *Belcher Oil Co.*, 11 Cal. 4th 85 (1995) (denial of existence of contract, even in bad faith, is not a
7  tort); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988) (wrongful discharge of employee
8  not a tort); *Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174 (1993) (same).

### B.    California Law Bars Plaintiff's Unjust Enrichment Claim Because No Agreement Can Be Implied In The Face of An Express Contract

California law precludes a plaintiff from asserting an implied contact cause of action where an express contract defines the rights of the parties.  As the Ninth Circuit explained, "[u]nder both California and New York law, unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties."  *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).  Indeed, "'[t]here cannot be a valid, express contract and an implied contract, each embracing the same subject matter, existing at the same time.'"  *Berkla v. Corel Corp.*, 302 F.3d 909, 918 (9th Cir. 2002) (quoting *Wal-Noon Corp. v. Hill*, 45 Cal. App. 3d 605 (1975)); *see also Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410 (1996); *Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal.  2004); Am. Jur. 2d *Restitution and Implied Contracts* § 24 (2005).

Here, plaintiff alleges that the parties entered into a legally binding contract that governs the parties' respective rights, including what advertisers should be charged.  *See* Compl. ¶ 44.  Indeed, plaintiff alleges that "[e]very member of the Class is a party to the AdWords Program Terms," Compl. ¶ 37, and that Google breached those contracts with "by collecting fees from plaintiff and the [purported] Class for click fraud even though Google knew . . . that the clicks were not 'actual click' but rather purposeful clicks made for an improper purpose."  Compl. ¶ 44.  Having alleged an express contract that governs what advertisers should be charged, plaintiff

5

**GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
CASE NO. C 05 02579  RMW

355377.03

cannot also allege that an implied contract exists that governs the same subject matter. *See* Compl. ¶ 51 ("Google has received and retains money belonging to plaintiff and the [purported] Class resulting from clicks made for an improper purpose, *i.e.*, fraudulent clicks."). Therefore, plaintiff's unjust enrichment cause of action fails to state a claim.

This Court should dismiss plaintiff's unjust enrichment claim without leave to amend. A district court may deny leave to amend where an amendment would be futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). No amendment could negate the existence of the AdWords contract that governs the parties' respective rights, and that actual contract precludes any unjust enrichment claim.

## IV. CONCLUSION

For the above stated reasons, Google respectfully requests that the Court dismiss plaintiff's negligence and unjust enrichment causes of action.

Dated: July 27, 2005                                   KEKER & VAN NEST, LLP

                                               By:  /s/ CLEMENT S. ROBERTS
                                                     CLEMENT S. ROBERTS
                                                     Attorneys for Defendant
                                                     GOOGLE, INC.

**GOOGLE, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
CASE NO. C 05 02579 RMW

355377.03