RICHARD L. KELLNER, SBN 171416
FRANK E. MARCHETTI, SBN 203185
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071-3801
Telephone: (213) 217-5000
Facsimile: (213) 217-5010  rlk@kbklawyers.com

SHAWN KHORRAMI, SBN 180411
LAW OFFICES OF SHAWN KHORRAMI
14550 Haynes Street, Third Floor
Van Nuys, California 91411
Telephone: (818) 947-5111
Facsimile: (818) 947-5121

GREGORY E. KELLER (To be admitted *pro hac vice*)
DARREN T. KAPLAN (To be admitted *pro hac vice*)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLICK DEFENSE INC., a Colorado corporation, Individually and on behalf of all others similarly situated<br><br>                              Plaintiffs,<br><br>       -against-<br><br>GOOGLE, INC., a Delaware corporation, and DOES 1 THROUGH 100, Inclusive,<br><br>                              Defendants. | Case No.  C 05 02579 RMW<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE, INC.'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        September 2, 2005<br>Time:        9:00 a.m.<br>Judge:      Hon. Ronald M. Whyte<br><br>Complaint Filed:   June 24, 2005 |

1

## <u>MEMORANDUM OF POINTS AND AUTHORITES</u>

2

## I.  <u>Introduction</u>

3       Federal Rules of Civil Procedure, Rule 8(e)(2) specifically permits a party to

4  plead inconsistent causes of action.  At a later juncture in the proceedings (*e.g.,* at a

5  motion for summary judgment, etc.), the party pleading inconsistent causes of action

6  might be compelled to elect which of the inconsistent causes of action he or she will

7  pursue.  However, at the pleading stage, a Rule 12(b)(6) motion cannot be predicated

8  upon the argument that the plaintiff has asserted inconsistent causes of action.

9  (*Molsbergen v. United States*, 757 F.2d 1016, 1018-19 (9th Cir.) *cert. dismissed* 473

10 U.S. 934 (1985); *Adelman v. Christy*, 90 F. Supp.2d 1034, 1045 (D. Ariz.

11 2000)(under the Federal Rules of Civil Procedure, a party is permitted to pleading

12 consistent causes of action in contract and equity.)

13      Google's motion to dismiss, predicated upon the theory that Plaintiff has

14 proffered the inconsistent cause of action of breach of contract and unjust enrichment

15 must be denied.

16      Federal courts have broadly interpreted Fed. Rules Civ. Proc., Rule 8(e)(2) to

17 permit a party to plead unjust enrichment and contract claims in the same action.

18 (*Adelman v. Christy, supra.*)   Since the Federal Rules of Civil Procedure permit a

19 party to plead in the alternative, it is proper for Plaintiffs to allege multiple,

20 inconsistent causes of action.

21      However, with respect to the cause of action for negligence, Plaintiffs will not

22 oppose the motion to dismiss.  Google's motion to dismiss the negligence cause of

23 action is not based upon inconsistent pleadings.  (*Robinson Helicopter Co., Inc. v.*

24 *Dana Corp.* 34 Cal.4th 979, 989-90 (2004).)  Plaintiffs will not file an opposition to

25 this portion of the motion to dismiss.

26      Accordingly, Plaintiffs request that this Court deny Google's motion to dismiss

27 with respect to the unjust enrichment cause of action.

28

PLAINTIFFS' OPPOSITION TO GOOGLE, INC.'S MOTION TO DISMISS
Case No. C 05 02579 RMW

1

## II.    The Federal Rules Of Civil Procedure Permit The Pleading Of Inconsistent Causes of Action

It is axiomatic that a party is permitted to allege inconsistent causes of action, pursuant to Fed. Rules of Civ. Pro., Rule 8(e)(2), which provides as follows:

(e)    Pleadings to be Concise and Direct; Consistency.

\* \* \*

(2)    A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.  When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.  ***A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable or maritime grounds.***  All statements shall be subject to the obligations set forth in Rule 11.

(emphasis added.)

Repeatedly, the Ninth Circuit has affirmed the liberal pleading rules that permit inconsistent pleadings of causes of action in contract and equity, pursuant to Fed. Rules Civ Pro., Rule 8(e)(2).  (*Molsbergen v. United States, supra,* 757 F.2d at 1018-19; *McCalden v. California Library Ass'n,* 995 F.2d 1214, 1219 (9th Cir. 1992.)  Further, there is no requirement that the magic words, "in the alternative," be stated in the pleadings.  (*Arnold & Associates, Inc. v. Misys Healthcare Systems*, 275 F. Supp.2d 1013, 1029 (D.Ariz 2003.)  It is entirely appropriate to have pleadings in equity and in contract, for breach of contract and unjust enrichment, in the same complaint.  (*Adelman v. Christy, supra*, 90 F.Supp.2d at 1045; *Adelphia Cable Partners, L.P. v. E&A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999); MDCM

3

1  Holdings, Inc. v. Credit Suisse First Boston Corp., 216 F.Supp.2d 251, 261 (S.D.N.Y.

2  2002)(same); *Tkachyov v. Levin*, 1999 U.S. Dist LEXIS 15221, 1999 WL 782070

3  (N.D. Ill. 1999)(same); *Quadion Corp. v. Mache*, 738 F.Supp. 270, 278 (N.D. Ill.

4  1990)(same); *United States v. Kensington Hospital*, 760 F.Supp. 1120, 1135(E.D. Pa.

5  1991)(same).)

6       In support of its motion to dismiss on this issue, Google relies upon *Berkla v.*

7  *Corel Corp.*, 302 F3d 909 (9th Cir. 2002) and *Paracor Finance, Inc. v. General Elec.*

8  *Capital Corp.*, 96 F.2d 1151 (9th Cir. 1996).  Neither of these cases involved motions

9  to dismiss at the pleading stage.  Neither of these cases involved Fed. Rules Civ. Pro.

10  Rule 8(e)(2), which permits inconsistent pleadings.  Thus, both of these cases are

11  entirely inapposite.

12       In *Berkla*, the jury awarded Berkla compensatory and punitive damages on

13  copyright infringement, breach of contract, unfair business practices, and breach of

14  confidence causes of action.  The trial court did not permit entry of a punitive

15  damages award, because it ruled that the breach of contract cause of action was not

16  amenable to punitive damages.  The Ninth Circuit affirmed, ruling that by pursuing a

17  breach of contract claim at trial, Berkla could not seek a quasi-contract claim of

18  breach of contract.  However, in a footnote, the Ninth Circuit ruled that even though

19  Berkla was not permitted to pursue remedies under both a breach of contract and

20  implied contract, it may have the election to pursue one or the other at a future date.

21  (*Berkla v. Corel Corp., supra*, 302 F.3d at 918 fn.10.)  Thus, *Berkla* provides no

22  support to the motion to dismiss.

23       Similarly, *Paracor Finance, Inc. v. General Elec. Capital Corp., supra,*

24  involved an appeal from an order granting summary judgment, where the Court

25  determined that there was a valid and existing contract that governed the parties'

26  rights, thereby precluding recovery on the theory of unjust enrichment.  That situation

27  is manifestly different than the pleading stage, where the parties are expressly

28

1    permitted to plead inconsistent causes of action.  (Fed. Rules Civ. Pro., Rule 8(e)(2).)

2    Google is attempting to make a comparison between apples and aircraft carriers.[1]

3          Indeed, if Google's reliance on these cases was proper, it would emasculate

4    and effectively nullify Fed. Rules Civ. Pro., Rule 8(e)(2).  At the pleading stage, a

5    party is expressly permitted to make inconsistent pleadings.

6          Google's motion to dismiss as to the unjust enrichment cause of action must be

7    denied in all respects.

8    **III.    Conclusion**

9          For all the foregoing reasons, Plaintiff respectfully requests that this Court

10   deny Google's motion to dismiss with respect to the unjust enrichment cause of

11   action, and grant such other and further relief as the Court deems just and proper.

12    DATED:  August 19, 2005        Respectfully submitted,

13                        KABATECK BROWN KELLNER LLP

14

15                        By:  ___/s RLK_____

16                           Richard L. Kellner

17                        And CHITWOOD HARLEY HARNES LLP

18                        and LAW OFFICES OF SHAWN

19                        KHORRAMI,

20                        Attorneys for Plaintiffs

---

[1]  Google also cites to *Gerllinger v. Amazon.com, Inc.* 311 F.Supp.2d 838 (N.D.

21   2004).  However, that case involved a distinct jurisdictional issue.  In *Gerlinger*, the

22   Court did not allow the plaintiff to plead unjust enrichment because it was derivative

23   of the contract claim.  Thus, if there was only an equitable unjust enrichment cause of

24   action, the federal court could not have jurisdiction.  Therefore, for that particular

25   case, the inconsistent pleading alternative was not available based upon unique,

26   jurisdictional grounds.

27

28

PLAINTIFFS' OPPOSITION TO GOOGLE, INC.'S MOTION TO DISMISS
Case No. C 05 02579 RMW

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Avenue, 39th Floor, Los Angeles, CA 90071.

On **August 19, 2005**, I served the foregoing document described as: **OPPOSITION TO MOTION TO DISMISS** on the interested parties in this action:

**SEE ATTACHED LIST**

[]    **VIA U.S. MAIL -** I deposited such envelope(s) with the United States Postal Service, enclosed in a sealed envelope, for collection and mailing with the United States Postal Service where it would be deposited for first class delivery, postage fully prepared, in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.

[ ]    **VIA FACSIMILE TRANSMISSION** - by use of facsimile machine, I served a copy of the document(s) on interested parties by transmitting by facsimile machine to said interested party. The facsimile machine I used complied with California Rules of Court, rule 2002, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration FAX No. (213) 217-5010 to the FAX number(s) listed next to such interested party. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

[X]    **VIA OVERNIGHT EXPRESS** – I am readily familiar with the firm's practice of collection and processing for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Overnight Express, or delivered to an authorized courier or driver authorized by Overnight Express to receive documents, in an envelope or package designated by Overnight Express with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

[ ]    **VIA PERSONAL DELIVERY** – by personally delivering a true copy to the attorney of record for defendants at the hearing for the Ex Parte Application on this date.

Executed on **August 19, 2005**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ / S / _____

ROSEMARY PELTIER

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rick Richmond, Esq.
Kirkland & Ellis LLC
777 S. Figueroa Street
Suite 3700
Los Angeles, CA  90017
Attorneys for Defendant Google, Inc.

2

PLAINTIFFS' OPPOSITION TO GOOGLE, INC.'S MOTION TO DISMISS
Case No. C 05 02579 RMW