| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | DARALYN J. DURIE - #169825 |
| 2 | CLEMENT S. ROBERTS - #209203 |
| | RYAN M. KENT - #220441 |
| 3 | 710 Sansome Street |
| | San Francisco, CA 94111-1704 |
| 4 | Telephone: (415) 391-5400 |
| | Facsimile: (415) 397-7188 |
| 5 | Email: djd@kvn.com; rmk@kvn.com |
| 6 | Attorneys for Defendant |
| | GOOGLE, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLICK DEFENSE INC., a Colorado corporation, Individually and on behalf of all others similarly situated, | Case No. C 05 02579 RMW |
| | **E-FILING** |
| Plaintiffs, | **GOOGLE, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| GOOGLE, INC., a Delaware corporation, and DOES 1 through 100, Inclusive, | **Date:** September 2, 2005 |
| | **Time:** 9:00 a.m. |
| Defendants. | **Judge:** Hon. Ronald M. Whyte |
| | Date Comp. Filed: June 24, 2005 |

1

**GOOGLE, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
CASE NO. C 05 02579 RMW

357154.01

1  Defendant Google, Inc. moves the Court to dismiss plaintiff Click Defense Inc.'s negligence and unjust enrichment causes of action for failure to state a claim. Dismissal is appropriate for two reasons.

First, plaintiff failed to timely oppose this motion. On July 27, 2005, Google filed its motion to dismiss and noticed that motion for hearing on September 2, 2005. Under the Local Rules, if plaintiff wished to oppose the motion, its opposition was due by August 12, 2005 — 21 days before the hearing. Civil L.R. 7-3(a). But plaintiff filed its opposition today, the day that Google's reply was due. Indeed, counsel for Google received plaintiff's opposition mere moments before filing its reply.[1] Because plaintiff failed to comply with the rules of this Court, its negligence and unjust enrichment causes of action should be dismissed. *See* Fed. Rule Civ. Proc. 41(b).

Second, plaintiff's causes of action fail on their merits. Plaintiff concedes that its negligence action fails to state a claim, but argues that its unjust enrichment should survive because a plaintiff may allege inconsistent causes of action. Plaintiff's argument, however, misses the point. While a party may allege an inconsistent cause of action, it still must allege facts sufficient to support that particular cause of action. *See Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).

Plaintiff failed to do so here. To state an unjust enrichment cause of action, plaintiff had to allege in some manner that an explicit contract did not define the rights of the parties. *See Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) ("Under both California and New York law, unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties."). But Plaintiff alleged the opposite in its complaint, alleging that the parties entered into a legally binding contract that governs the parties' respective rights, including what advertisers

---

[1] Upon seeing plaintiff's opposition, Google quickly halted its filing and altered its reply to preliminarily address plaintiff's arguments. Because plaintiff filed its opposition on the day Google's reply was due, however, Google was not given a fair opportunity to respond to those arguments and reserves its right to file a supplemental memorandum in support of its motion.

1 should be charged.  *See* Compl. ¶ 37 ("Every member of the Class is a party to the AdWords
2 Program Terms.").
3   Therefore, Google respectfully requests that the Court dismiss plaintiff's negligence and
4 unjust enrichment causes of action.  Moreover, because no amendment could negate the
5 existence of the AdWords contract that governs the parties' respective rights and because that
6 contract precludes any unjust enrichment claim, the Court should dismiss plaintiff's unjust
7 enrichment claim without leave to amend.  *See McQuillion v. Schwarzenegger*, 369 F.3d 1091,
8 1099 (9th Cir. 2004).

9 Dated:  August 19, 2005                                         KEKER & VAN NEST, LLP

                                                                 By:  /s/ Ryan M. Kent
                                                                      RYAN M. KENT
                                                                      Attorneys for Defendant
                                                                      GOOGLE, INC.