1  RICHARD L. KELLNER, SBN 171416
   FRANK E. MARCHETTI, SBN 203185
2  KABATECK BROWN KELLNER LLP
   350 South Grand Avenue, 39th Floor
3  Los Angeles, California 90071-3801
   Telephone: (213) 217-5000
4  Facsimile: (213) 217-5010

5  DARREN T. KAPLAN (Admitted *Pro Hac Vice*)
   GREGORY E. KELLER (To be admitted *Pro Hac Vice*)
6  CHITWOOD HARLEY HARNES LLP
   2300 Promenade II
7  1230 Peachtree Street, NE
   Atlanta, Georgia 30309
8  Telephone: (404) 873-3900
   Facsimile: (404) 876-4476

9  SHAWN KHORRAMI, SBN 180411
   LAW OFFICES OF SHAWN KHORRAMI
10 14550 Haynes Street, Third Floor
   Van Nuys, California 91411
11 Telephone: (818) 947-5111
   Facsimile: (818) 947-5121

12
   Attorneys for Plaintiff
13
   KEKER & VAN NEST, LLP
14 DARALYN J. DURIE - #169825
   710 Sansome Street
15 San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
16 Facsimile: (415) 397-7188

17 Attorneys for Defendant

18                    UNITED STATES DISTRICT COURT

19                    NORTHERN DISTRICT OF CALIFORNIA

20                           SAN JOSE DIVISION

| | |
|---|---|
| CLICK DEFENSE INC., a Colorado corporation, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. C 05 02579 RMW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: October 28, 2005<br>Time: 10:30 a.m.<br>Judge: Hon. Ronald M. Whyte<br><br>Date Comp. Filed: June 24, 2005<br>Trial Date: None Set |

359975.04

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO. C 05 02579 RMW

Dockets.Justia.com

Plaintiff Click Defense, Inc. ("Click Defense") and defendant Google, Inc. ("Google") submit this Case Management Statement and Proposed Order and request that the Court to adopt it as its Case Management Order in this case. The parties have met and conferred over this statement and have agreed to jointly file this statement

## I. DESCRIPTION OF THE CASE

Click Defense brings this action alleging that Google overcharged for pay-per-click advertising by charging Click Defense for "fraudulent clicks." Click Defense defines "click fraud" in its Complaint as "when someone clicks on an internet search advertisement with an ill intent and with no intention of doing business with the advertiser." Click Defense asserts causes of action for (1) breach of contract, (2) unjust enrichment, (3) negligence, and (4) unfair business practices and seeks class certification.

Google filed a motion to dismiss the unjust enrichment and negligence causes of action. Click Defense conceded that its negligence cause of action should be dismissed, but opposed the dismissal of its unjust enrichment claim. Google's motion came before the Court on September 2, 2005. Having considered the pleadings, and the arguments presented by counsel, the Court granted Google's motion and dismissed the unjust enrichment and negligence claims on September 14, 2005.

The parties are not yet in a position to identify all of the principal factual and legal issues in dispute. But it is clear that the parties will dispute at least the following factual and legal issues: (1) whether a class should be certified in this action; (2) whether Google charged Click Defense and the class for "fraudulent clicks"; (3) whether Google's alleged charging of Click Defense and the class for "fraudulent clicks" constitutes a breach of contract; and (4) whether Google's alleged charging of Click Defense and the class for "fraudulent clicks" constitutes an unlawful, unfair, and/or fraudulent business act and practice.

## II. CLASS ACTION STATEMENT

Plaintiff believes that this action is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b).

This action is brought on behalf of all persons and/or entities that paid money to Google

1   for advertising through Google's "AdWords" program.  Excluded from the Class are Defendants,
2   officers and directors of the Company, members of the immediate families and each of their legal
3   representatives, heirs, successors or assigns and any entity in which Google has or has had a
4   controlling interest.

5         Click Defense is entitled to maintain this action pursuant to Federal Rule of Civil
6   Procedure 23(a) and (b) in that:

7       1.      Class Action Prerequisites

8       (a)      the members of the Class for whose benefit this action is brought are
9   dispersed throughout the United States and are so numerous that joinder of all Class members
10  is impracticable.  Plaintiff believes that Class members number in the thousands.  Members
11  of the Class may be identified from records maintained by Google and may be notified of the
12  pendency of this action by mail, using a form of notice similar to that customarily used in
13  class actions;

14      (b)      Plaintiff's claims are typical of those of the Class as all members of the Class
15  are similarly affected by Google's actionable conduct as alleged herein;

16      (c)      Plaintiff will fairly and adequately protect the interests of the Class and has
17  retained counsel competent and experienced in class action litigation including class actions
18  within the Northern District of California. Plaintiff has no interests antagonistic to, or in
19  conflict with, the Class that Plaintiff seeks to represent;

20      (d)      a class action is superior to other available methods for the fair and efficient
21  adjudication of the claims asserted herein, because joinder of all members is impracticable.
22  Furthermore, because the damages suffered by individual members of the Class may be
23  relatively small, the expense and burden of individual litigation make it virtually impossible
24  for Class members to redress the wrongs done to them.  The likelihood of individual Class
25  members prosecuting separate claims is remote;

26      (e)      Plaintiff anticipates no difficulties in the management of this action as a class
27  action; and

28

1      (f)    the questions of law and fact common to the members of the Class
2 predominate over any questions affecting individual members of the Class.  Among the
3 questions of law and fact common to the Class are:

4          i.   the pervasiveness of advertising "click fraud";
5          ii.  the construction of the agreement between Google and the Class;
6          iii. Google's acts and/or omissions as alleged herein;
7          **iv.** whether Google's promotional and advertising materials for its
8              "AdWords" program misrepresented and/or omitted material facts with
9              respect to the pervasiveness of "click fraud"**;**
10         v.   whether Google has breached its agreement with the class;
11         vi.  whether Google has taken adequate measures to prevent "click fraud;"
12         vii. whether Google has properly accounted and for and refunded fees it has
13              wrongfully collected from identified victims of "click fraud";
14         viii.    to what extent the members of the Class have sustained damages
15              and the proper measure of damages; and
16         ix.  the agreement between Google and the class provides that it is to be
17              "governed by California law."  Therefore, a single body of substantive state
18              law applies to this action such that a nationwide class may be certified.

19   2.   In addition the prosecution of separate actions by or against individual members
20 of the class would create a risk of:
21      (a)    inconsistent or varying adjudications with respect to individual members of
22 the class which would establish incompatible standards of conduct for the party opposing the
23 class, and
24      (b)    adjudications with respect to individual members of the class which would as
25 a practical matter be dispositive of the interests of the other members not parties to the
26 adjudications or substantially impair or impede their ability to protect their interests;
27
28

3.      Further, in allegedly charging the class for fraudulent clicks Google has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; and

4.      Questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy as demonstrated by the following pertinent matters:

(a)     The interest of members of the class in individually controlling the prosecution or defense of separate actions is minimal;

(b)     The only other litigation concerning the controversy already commenced by or against members of the class was commenced in Arkansas state court notwithstanding that the agreement between Google and all members of the class provides that, "[t]his Agreement must be . . . adjudicated in Santa Clara County, California," which is within the Northern District of California;

(c)     It is desirable to concentrate  the litigation of the claims in the Northern District of California insofar in that (1) Google resides in this judicial district, (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district, (3) Google is subject to personal jurisdiction in the Northern District of California and (4) the agreement between Google and all members of the class provides that the agreement is to be "governed by California law";

(d)     The difficulties likely to be encountered in the management of a class action are minimal and the Northern District of California has significant experience in managing class actions of this type.

Google disputes all of the above statements to the extent that the same could be construed as an admission that certification of a class is appropriate or legally permissible in this litigation.

The parties jointly propose that the court consider whether the case can be maintained as a class action on April 8, 2006.

### III. ALTERNATIVE DISPUTE RESOLUTION

The parties have not filed a Stipulation and Proposed Order Selecting an ADR process as yet, however the parties jointly request mediation as their preferred ADR process.

### IV. DISCLOSURES

The parties have not made the disclosures required by Rule 26, Federal Rule of Civil Procedure. The parties will attempt to meet and confer on the appropriate schedule for these disclosures. If the parties cannot reach an agreement, Google intends to follow the schedule set forth in the Federal Rules of Civil Procedure and make its disclosure within fourteen days of the case management conference.

### V. DISCOVERY

The parties likely intend to pursue all discovery methods available under the Federal Rules of Civil Procedure, including depositions, interrogatories, requests for admission, and requests for production. Google requests that the Court phased discovery in order to expedite the class certification process. Google would request the following discovery schedule:

| | |
|---|---|
| 11/14/05 | Deadline for plaintiff to amend complaint; |
| 1/9/06 | Deadline for plaintiff to file motion for class certification; |
| 3/13/06 | Deadline for defendant to file response to plaintiff's motion for class certification; |
| 4/10/06 | Deadline to complete discovery on class certification issues; |
| 4/17/06 | Deadline for plaintiff to file reply in support of its motion for class certification; |
| 5/2/05 | Parties to exchange exhibit lists and pre-marked exhibits for class certification hearing; |
| 5/8/06 | Hearing on Motion for Class Certification; and |
| 7/3/06 | Status conference with all parties |

### VI. TRIAL SCHEDULE

The parties jointly request that the Court set a trial date at the status conference following the hearing on plaintiff's motion for class certification.

| | |
|---|---|
| Dated: October 17, 2005 | KEKER & VAN NEST, LLP |
| | By: /s/ DARALYN DURIE<br>DARALYN J. DURIE<br>Attorneys for Defendant<br>GOOGLE, INC. |
| Dated: October 17, 2005 | CHITWOOD HARLEY HARNES LLP |
| | By: /s/ DARREN T. KAPLAN<br>DARREN T. KAPLAN<br>Attorneys for Plaintiff<br>CLICK DEFENSE, INC. |

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated:

By: _____
THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT COURT JUDGE