RICHARD L. KELLNER, SBN 171416
FRANK E. MARCHETTI, SBN 203185
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071-3801
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

DARREN T. KAPLAN (Admitted *Pro Hac Vice*)
GREGORY E. KELLER (To be admitted *Pro Hac Vice*)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 873-3900
Facsimile: (404) 876-4476

SHAWN KHORRAMI, SBN 180411
LAW OFFICES OF SHAWN KHORRAMI
14550 Haynes Street, Third Floor
Van Nuys, California 91411
Telephone: (818) 947-5111
Facsimile: (818) 947-5121

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLICK DEFENSE, INC., a Colorado corporation, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>GOOGLE, INC., a Delaware corporation and Does 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 5:05-cv-02579-RMW<br><br>**E-FILING**<br><br>**MOTION BY PLAINTIFF CLICK DEFENSE, INC. FOR LEAVE TO: (1) WITHDRAW AS REPRESENTATIVE PLAINTIFF; (2) DISCONTINUE INDIVIDUAL CLAIMS WITHOUT PREJUDICE; (3) SUBSTITUTE ADVANCED INTERNET TECHNOLOGIES, INC. AS REPRESENTATIVE PLAINTIFF; and (4) TO AMEND THE CAPTION**<br><br>**Date: January 13, 2006**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. Ronald M. Whyte**<br><br>Date Complaint Filed: June 24, 2005 |

1
**MOTION FOR LEAVE TO WITHDRAW AS REPRESENTATIVE PLAINTIFF, ETC.**
CASE NO. C-05-02579-RMW

**NOTICE OF MOTION BY PLAINTIFF CLICK DEFENSE, INC. FOR LEAVE TO: (1) WITHDRAW AS REPRESENTATIVE PLAINTIFF; (2) DISCONTINUE INDIVIDUAL CLAIMS WITHOUT PREJUDICE; (3) SUBSTITUTE ADVANCED INTERNET TECHNOLOGIES, INC. AS REPRESENTATIVE PLAINTIFF; and (4) TO AMEND THE CAPTION.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 13, 2005, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Ronald M. Whyte of the United States District Court for the Northern District of District of California, 280 South First Street, San Jose, California, Plaintiff, Click Defense, Inc. ("Click Defense") will and hereby does move the Court for Leave to: (1) withdraw as representative plaintiff; (2) discontinue the individual claims of Click Defense against Google, Inc. ("Google") without prejudice; (3) substitute Advanced Internet Technologies, Inc. ("AIT") for Click Defense as representative plaintiff; and (4) to amend the caption accordingly.

This motion is supported by the following Memorandum of Points and Authorities, the Declaration of Scott Boyenger, the Declaration of Clarence Briggs, the arguments of counsel, and any other matters properly before the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. This Court Should Grant Click Defense Leave to Withdraw as Representative Plaintiff.**

In this pre-certification class action, class representative Click Defense requests leave to withdraw as the class representative because it does not believe that it can continue to serve in that capacity. [Declaration of Scott Boyenger, para. 2.] Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately. Fed. R. Civ. P. 21. Leave to amend at this stage in the proceedings "shall be freely given" in the absence of countervailing factors such as undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of the amendment. *See* Fed. R. Civ. P. 15(a); *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962).  Although Rule 21, and not Rule 15(a), normally governs the addition [and subtraction] of new parties to an action, the same standard of liberality applies under either Rule.  *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997). Leave to withdraw as a representative plaintiff is customarily given in a class action when another representative plaintiff is willing to substitute into the action.  *See, e.g.*, *Cook Inv. Co. v. Harvey*, 1975 WL 394 *3, 20 Fed.R.Serv.2d 612, Fed. Sec. L. Rep. P 95,203 (N.D. Ohio Apr 04, 1975).  Insofar as no countervailing factors exist and another representative plaintiff is willing to substitute into the action, this Court should grant leave for Click Defense to withdraw.

### 2. Click Defense's Individual Claims Against Google Should be Dismissed Without Prejudice.

Click Defense also seeks leave to dismiss of its individual claims against Google without prejudice.  The dismissal without prejudice is meant solely to tie up loose ends and avoid the incongruous result of Click Defense proceeding with its own relatively small claims in parallel with the identical claims being pressed on behalf of the proposed class.  *See, e.g.*, *Corbell v. Norton*, 213 F.R.D. 43 (D.C. 2003) (former class representative would not become merely an absent class member because suit was commenced in dual capacity, both "on his own behalf" and "on behalf of all persons similarly situated" and thus would continue to be an individual plaintiff.)  Presumably, such an inefficient and wasteful result would not be in the interests of either the litigants or the Court.

Because the class action will continue if the motion for substitution is granted, a dismissal of Click Defense's individual claims would be an ordinary Fed. R. Civ. P. 41(b) dismissal rather than a dismissal of a class action pursuant to Fed. R. Civ. P. 23(e)(1)(a).  A plaintiff possesses the unqualified right to dismiss his complaint at law or his bill in equity unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter.  *Jones v. Securities and Exchange Commission,* 298 U.S. 1, 20  (1936).  The purpose of Rule 41(a)(2) is primarily to prevent the unfair use of voluntary dismissals which cause prejudice to defendants. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (1971).  Here, there is no indication that voluntary dismissal would cause Google to suffer "plain

legal prejudice" within any reasonable reading of the term.  Indeed, Google will likely not even face a second litigation with Click Defense unless Click Defense were to opt out of any hypothetical subsequent class settlement since dismissal of Click Defense's individual claims without prejudice would merely convert Click Defense to an absent class member.

**3.  The Motion to Substitute Representative Plaintiffs Should be Granted.**

Plaintiffs' Counsel hereby moves to substitute the representative plaintiff in this pre-certification class action.  The current representative plaintiff is Click Defense.  The proposed representative plaintiff is AIT.

Plaintiffs' Counsel owe a fiduciary duty to the class and have a responsibility to seek an appropriate substitute representative if the initial representative plaintiff seeks to withdraw.  *Lowenschuss v. Bluhdorn*, 78 F.R.D. 675, 678 (S.D.N.Y. 1978).  By all accounts, it appears that AIT would make an appropriate representative plaintiff.

AIT is a corporation whose primary business is internet hosting for other businesses.  AIT is an established company, with approximately 140 employees and annual revenues in excess of $30 million.  [Declaration of Clarence Briggs, para. 2.]   The corporation has been recognized by, among others, Deloitte & Touche for its corporate performance, and its founder and CEO has been selected by the North Carolina Technological Development Authority as the Entrepreneur of the Year.  [*Id.*]

AIT began its participation in Google's AdWords program in 2003.  [*Id.* at para. 4.]  From that point until it ended its relationship with Google, AIT spent approximately $475,000 in Google's AdWords program.  [*Id.*, at para. 4.]  AIT has reviewed the complaint in this action, and shall adopt it as AIT's own complaint in this action.  [*Id.*, at para. 5.]  AIT is prepared to discharge its responsibilities as representative plaintiff, and has the necessary staff and resources to see this case through to resolution.  [*Id.*, at para. 6.]

Liberal substitution of representatives is commonly allowed in class actions.  *Van Horn v. Trickey*, 840 F.2d 604, 608 (8th Cir. 1988).  This is particularly true when the substitution is made prior to certification.  *See*, *In re Harcourt Brace Jovanovich, Inc. Securities Litigation*, 838

F. Supp. 109, 114 (S.D.N.Y. 1993) (*citing,* MANUAL FOR COMPLEX LITIGATION, SECOND, § 30.1.5, at 30-12 (Draft Feb.1985)). Liberal substitution of representatives in class actions is animated at least in part by the absent class members' right to intervene under F.R.C.P. 24(a). *See, e.g.*, *Johnson v. San Francisco Unified School Dist.*, 500 F.2d 349 (9th Cir. 1974) (intervention granted for Chinese parents whose interests were not adequately represented in school desegregation suit).

Even in a certified class action, if the representative plaintiff is forced to withdraw, the district court should "allow a reasonable period of time for a member of the class to intervene or to be substituted as the class representative." *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1341-1343 (11th Cir. 2003); *Harriss v. Pan American World Airways, Inc.*, 74 F.R.D. 24, 40 (N.D. Cal. 1977.) In this context, the Fifth Circuit has held that:

> if after the class has been certified and its claims heard and the representatives are found to be inadequate for some reason during the course of the class claims or during a bifurcated hearing with respect to individual claims, the appropriate step is appointment of new representatives from the existing class, not decertification.

*Carpenter v. Stephen F. Austin State Univ.*, 706 F.2d 608, 617-18 (5th Cir.1983) (*citing Satterwhite v. City of Greenville*, 634 F.2d 231 (5th Cir.1981) (per curiam)).

In considering this motion, this Court's inquiry on substitution of the class representative should not touch on the adequacy of the proposed representative. The determination of adequacy is properly made on a motion for certification pursuant to Fed. R. Civ. P. 23(a). *See*, *e.g.*, *Hanlon v. Chrysler Corporation*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.' Fed. R. Civ. P. 23(a)(4)"). The question of whether or not AIT is an adequate plaintiff awaits the motion for class certification.[1]

---

[1] Even though such issue should not be considered in this motion, the declaration from Clarence Briggs clearly demonstrates that AIT would qualify under such a standard.

1     Finally, no prejudice would result to Google as a result of the proposed substitution. Apart from mandatory disclosure,[2] discovery has not yet begun in this action and no dates will need to be changed as provided for in the prior Case Management Order entered by this Court in the related action of *Mizera v. Google, Inc.* C 05-02885 RMW on November 18, 2005.

**4. The Caption in this Action Should be Amended to Reflect the Substitution.**

    Fed. R. Civ. P. 10(a) requires that the caption of the complaint include the names of all of the parties to the action. A caption may be amended with the permission of the court. *Hernandez-Avila v. Averill*, 725 F.2d 25, 28 (2nd Cir. 1984)   Accordingly, if the motion to substitute plaintiffs is granted, the caption of this action should be amended to identify, "ADVANCED INTERNET TECHNOLOGIES, INC., a North Carolina corporation, Individually and on behalf of all others similarly situated," as the plaintiff in compliance with Fed. R. Civ. P. 10(a).

### CONCLUSION

    For all the foregoing reasons, Plaintiff Click Defense respectfully requests that this Court grant its motion for leave to: (1) withdraw as representative plaintiff; (2) discontinue the individual claims of Click Defense against Google without prejudice; (3) substitute AIT for Click Defense as representative plaintiff; (4) to amend the caption accordingly and grant such other and further relief as the Court deems just and proper.

DATED: December 7, 2005    Respectfully submitted,

    CHITWOOD HARLEY HARNES LLP


    By: /s/DARREN T. KAPLAN_____
        DARREN T. KAPLAN (Admitted *pro hac vice*)

    And KABATECK BROWN KELLNER LLP and LAW
    OFFICES OF SHAWN KHORRAMI
    Attorneys for Plaintiff

---

[2]     Plaintiffs Counsel hereby explicitly represent to the Court that they will provide AIT's mandatory disclosure to Google within twenty-four hours of the grant of this motion.