1 KEKER & VAN NEST, LLP
DARALYN J. DURIE - #169825
2 DAVID J. SILBERT - #173128
710 Sansome Street
3 San Francisco, CA 94111-1704
Telephone: (415) 391-5400
4 Facsimile: (415) 397-7188
Email: ddurie@kvn.com
5         dsilbert@kvn.com

6 Attorneys for Defendant
GOOGLE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLICK DEFENSE INC., a Colorado corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 05 02579 RMW<br><br>**GOOGLE'S OPPOSITION TO CLICK DEFENSE'S MOTION FOR LEAVE TO WITHDRAW AS REPRESENTATIVE PLAINTIFF**<br><br>Date:  January 13, 2006<br>Time:  4:00 p.m.<br>Judge:  Hon. Ronald M. Whyte |

364433.01

GOOGLE'S OPPOSITION TO MOTION TO WITHDRAW AS REPRESENTATIVE PLAINTIFF
Case No. C 05 02579 RMW

1  Defendant Google, Inc. ("Google") responds to Plaintiff Click Defense Inc.'s Motion for
2  Leave to Withdraw as Representative Plaintiff and for other relief as follows:

## I.    INTRODUCTION

Google does not oppose the dismissal of Click Defense's claims and the substitution of Advanced Internet Technologies, Inc. ("AIT") as putative class representative, provided that Click Defense, AIT, and their counsel abide by two reasonable conditions:  <u>First</u>, they will not seek to change the class representatives again—which would be their third change—without a showing of good cause, based on new developments or facts that are not currently available. <u>Second</u>, Click Defense will respond to reasonable discovery requests, including producing documents and a witness or witnesses for one seven-hour deposition.

Google offered to stipulate to Click Defense's motion with these conditions, but Click Defense refused.  Accordingly, Google asks the Court to impose these terms to avoid unfair prejudice to Google.

## II.    ARGUMENT

Click Defense's motion relies on Federal Rules of Civil Procedure 21 (Misjoinder and Non-Joinder of Parties) and 15 (governing a party's amendment of its pleading), but Rule 41, governing dismissals, is most pertinent.[1]  Rule 41 provides that where, as here, the defendant has answered the complaint, a plaintiff may <u>not</u> dismiss an action, "save upon order of the court and upon such terms and conditions as the court deems proper."  Fed. R. Civ. P. 41(a)(2).  Here, the Court should permit Click Defense to dismiss its action only upon the two conditions that Google has requested.

The first condition—prohibiting further changes to the class representatives absent a showing of good cause—is necessary to close a revolving door of plaintiffs in this case.  Click Defense filed this action in June 2005.  A month later, counsel for Click Defense filed a second

---

[1]  The procedure that Click Defense wants the Court to approve is unclear.  It appears that Click Defense wants to dismiss its action, and that AIT wants to intervene as the new putative class representative.  AIT, however, has not actually moved to intervene.  Google does not object to the Court's construing the moving papers as a motion by AIT to intervene under Fed. R. Civ. P. 24 and a corresponding motion by Click Defense for leave to dismiss its action under Fed. R. Civ. P. 41(a)(2).

1

GOOGLE'S OPPOSITION TO MOTION TO WITHDRAW AS REPRESENTATIVE PLAINTIFF
Case No. C 05 02579  RMW

1 action on behalf of another plaintiff, Steve Mizera, which it has asked to consolidate with this
2 one—effectively adding another class representative to this case.  See  Mizera v. Google, Inc.,
3 Case No. C 05-2885 RMW (N.D. Cal.).  Google has already advised plaintiffs' counsel that it
4 will stipulate to the consolidation.  Now the plaintiffs want to shuffle the parties yet again, with
5 Click Defense withdrawing and AIT taking its place.  Again, Google is willing to consent,
6 provided that the plaintiffs are done making changes.  This requested change already comes
7 weeks after the Court-ordered deadline for Click Defense to amend its complaint.  See Case
8 Management Order (Document No. 27) (setting the deadline for amendments as November 14,
9 2005).  With class-certification briefs due to be filed barely three weeks following the hearing on
10 this motion, Google is entitled to know who the putative class representatives will be.[2]

11       Google's second requested condition—that Click Defense respond to reasonable
12 discovery—is necessary to enable Google to defend this case without facing obstruction and
13 delay.  It is striking that Click Defense has offered no explanation whatsoever for its sudden
14 "inability" to serve as class representative.  The supporting Declaration of Scott Boyenger, Click
15 Defense's CEO, is only three sentences long, and says simply that "Click Defense does not
16 believe that it can continue to serve as the representative plaintiff in this action[.]"  Boyendger
17 Decl. ¶ 2.  Click Defense holds itself out as an expert in "click fraud," the subject matter of this
18 action, and it is likely to have a large amount of relevant evidence.  Google believes that this
19 evidence will be particularly useful in refuting the plaintiffs' claims and proving that this case
20 does not satisfy Rule 23's requirements for class certification, and that Click Defense has now
21 realized this.  In meet-and-confer discussions, Click Defense's counsel said that it would object
22 to any subpoena once it was dismissed, forcing Google to move to enforce the subpoena in
23 Colorado, before a judge who knows nothing about the case.  Click Defense initiated this action.
24

---

25 [2]  This is not to say that the class representatives could never change.  Google asks only that
26 these plaintiffs and their counsel may not seek to change the representatives again unless they can show good cause, based upon new developments or facts that they do not know, and in the exercise of reasonable diligence should not have known, today.  Not only is this necessary to
27 prevent unfair prejudice to Google, but if plaintiffs' counsel cannot comply with this condition,
28 despite having now had three chances to select class representatives, it would raise serious questions about their ability to serve the interests of the putative class.

2
GOOGLE'S OPPOSITION TO MOTION TO WITHDRAW AS REPRESENTATIVE PLAINTIFF
Case No. C 05 02579  RMW

364433.01

1  It has filed pleadings and made public statements accusing Google of misconduct.  And it has
2  asked this Court's indulgence (and Google's) in a number of respects.  Fairness dictates that
3  Click Defense respond to reasonable discovery, under this Court's supervision, as a condition of
4  being permitted to now dismiss its action with a new plaintiff taking its place.
5      None of the authority that Click Defense relies on weighs against imposing these two
6  reasonable terms.  Indeed, Click Defense's authority supports Google's requests.  Click Defense
7  cites <u>In re Harcourt Brace Javonovich, Inc. Securities Litigation</u>, 838 F. Supp. 109 (S.D.N.Y.
8  1993) for the proposition that "liberal substitution of class representatives is commonly allowed
9  in class actions," and particularly "when the substitution is made prior to certification."  Mot. at
10 4:26-5:2.  But <u>Harcourt Brace</u>, which actually involved a proposed amendment after class
11 certification, made clear that "[t]he party proposing amendment of the class action order should,
12 at a minimum, show some newly discovered facts or law in support of their desired action," and
13 that "[t]he grounds offered for amendment must not be ones which could have been argued
14 earlier but were not."  <u>Id.</u> at 115 (internal quotation marks and citations omitted).  For this
15 reason, the court <u>refused</u> to allow the moving plaintiffs to withdraw as class representatives.  <u>Id.</u>
16 The court said that it would consider the motion again at the close of discovery, but would grant
17 it only if the plaintiffs could demonstrate that "factual or legal developments" warranted the
18 change.  <u>Id.</u>  While Google does not ask the Court to impose this requirement on the plaintiffs
19 and their counsel now, it does ask the Court to impose a similar requirement if they seek to
20 change class representatives yet again.
21     Likewise, Click Defense cites <u>Cobell v. Norton</u>, 213 F.R.D. 43 (D.C. 2003) for the
22 proposition that Click Defense should be allowed to dismiss its claims "to tie up loose ends[.]"
23 Mtn. at 3:11-19.  But in <u>Cobell</u>, the court granted the moving plaintiff's motion to withdraw as a
24 class representative, but at the same time ordered him, over the plaintiffs' objection, to produce
25 documents and appear for deposition.  <u>Id.</u> at 47-48.  That is what Google is requesting here.
26 Providing such discovery to the defense is not a "loose end"; it is part of what makes litigation
27 fair.  Like the withdrawing plaintiff in <u>Cobell</u>, Click Defense should be ordered to produce
28 documents and a witness or witnesses for deposition.

3
GOOGLE'S OPPOSITION TO MOTION TO WITHDRAW AS REPRESENTATIVE PLAINTIFF
Case No. C 05 02579  RMW

364433.01

### III. CONCLUSION

For the foregoing reasons, Click Defense's motion should be granted, if at all, only upon the two conditions that Google has requested.

Dated: December 23, 2005                                KEKER & VAN NEST, LLP


By: _____/s/David Silbert_____
DAVID J. SILBERT
Attorneys for Defendant
GOOGLE, INC.

---

4
GOOGLE'S OPPOSITION TO MOTION TO WITHDRAW AS REPRESENTATIVE PLAINTIFF
Case No. C 05 02579 RMW

364433.01