1  RICHARD L. KELLNER, SBN 171416
   FRANK E. MARCHETTI, SBN 203185
2  KABATECK BROWN KELLNER LLP
   350 South Grand Avenue, 39th Floor
3  Los Angeles, California 90071-3801
   Telephone: (213) 217-5000
4  Facsimile: (213) 217-5010

5  DARREN T. KAPLAN (Admitted *Pro Hac Vice*)
   GREGORY E. KELLER (To be admitted *Pro Hac Vice*)
6  CHITWOOD HARLEY HARNES LLP
   2300 Promenade II
7  1230 Peachtree Street, NE
   Atlanta, Georgia 30309
8  Telephone: (404) 873-3900
   Facsimile: (404) 876-4476
9
   SHAWN KHORRAMI, SBN 180411
10 LAW OFFICES OF SHAWN KHORRAMI
   14550 Haynes Street, Third Floor
11 Van Nuys, California 91411
   Telephone: (818) 947-5111
12 Facsimile: (818) 947-5121

13 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLICK DEFENSE, INC., a Colorado corporation, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GOOGLE, INC., et al,<br><br>　　　　　　　Defendant | Case No.: 5:05-cv-02579-RMW<br><br>**REPLY TO GOOGLE'S OPPOSITION TO CLICK DEFENSE'S MOTION FOR LEAVE TO: (1) WITHDRAW AS REPRESENTATIVE PLAINTIFF; (2) DISCONTINUE INDIVIDUAL CLAIMS WITHOUT PREJUDICE; (3) SUBSTITUTE ADVANCED INTERNET TECHNOLOGIES, INC. AS REPRESENTATIVE PLAINTIFF; and (4) AMEND THE CAPTION ACCORDINGLY.**<br><br>**Date:** January 13, 2006<br>**Time:** 9:00 a.m.<br>**Judge:** Hon. Ronald M. Whyte |

1
REPLY TO OPPOSITION TO MOTION
TO SUBSTITUTE REPRESENTATIVE PLAINTIFF
CASE NO. C-05-02579-RMW

Dockets.Justia.com

Plaintiff Click Defense, Inc. ("Click Defense") replies to the Opposition of Defendant Google, Inc. ("Google") to Click Defense's motion for leave to: (1) withdraw as representative plaintiff; (2) discontinue individual claims without prejudice; (3) substitute Advanced Internet Technologies, Inc. ("AIT") as representative plaintiff; and (4) amend the caption accordingly as follows:

## I.  INTRODUCTION

Google does not object to Click Defense's motion--Google's only argument is that the granting of the motion should be conditioned upon: (a) precluding further substitutions in the absence of good cause; and (b) compelling Click Defense, to continue to be subjected to discovery even though Click Defense is no longer pressing class or individual claims against Google.

With respect to the first condition, Google's contention that substitution would be proper only if this Court orders that future substitutions be supported by some heightened "good cause" requirement is bereft of any legal or factual support.  Indeed, Google's inference that there have been multiple substitutions in the past represents a mischaracterization of both the history of this case and this Court's prior order directing the parties to agree to consolidate with another related action.  Moreover, as fiduciaries to the putative class, plaintiffs' counsel cannot place any conditions on their right to seek leave to substitute or add additional class representatives at some later time in order to protect the interests of the class.  When and if such an application were to be made in the future, the Court could then determine whether or not plaintiffs' have made the requisite showing of good cause under the appropriate legal standard.

With respect to the second proposed condition, Google adduces no facts in support of its supposed need for discovery of Click Defense notwithstanding Click Defense's dismissal of its class and individual claims;  instead, Google offers its own unfounded speculation as to the supposed reason why Click Defense has moved to withdraw as class representative--a subject which is of no apparent evidentiary value and presumptively calls for the disclosure of privileged communications between attorney and client.  Clearly, Google is grasping at straws. In any event, if Google has a legitimate reason to depose Click Defense following the granting of

the motion, the proper procedure is to issue a subpoena and set forth good cause (rather than speculation) why such discovery should be conducted. Google should not be allowed to short circuit that process merely because the representative plaintiff (of whom Google has previously sought no discovery) is being substituted.

## II. ARGUMENT

Liberal substitution of representatives is commonly allowed in class actions, *Van Horn v. Trickey*, 840 F.2d 604, 608 (8th Cir. 1988), yet the rule of civil procedure governing substitution, Fed. R. Civ. P. 25, is clearly not applicable to class actions. Thus, this motion stitches together various mechanisms contained within the federal rules (specifically Federal Rules of Civil Procedure 21 (Misjoinder and Non-Joinder of Parties); 15(a) (Amended and Supplemental Pleadings); 41(a)(2) (Voluntary Dismissal by Order of Court); and 10(a) (Form of Pleadings, Caption) in order to craft the relief sought.[1]

In response to Click Defense's motion, Google agrees that the motion should be granted, but argues that the granting of the motion should be conditioned upon somehow heightening the standard for reviewing future substitution motions, and compelling discovery of Click Defense even though Click Defense is no longer actively pressing any claims against Google. This Court should grant the motion without subjecting it to the conditions proposed by Google.

Google first contends that plaintiffs' counsel should be prohibited from making further changes to the class representatives absent a showing of good cause. Google reasons that this condition is necessary to close a "revolving door of plaintiffs in this case." However, there has been no prior substitution of plaintiffs in this case or any other related case against Google; accordingly, the "door of plaintiffs" can hardly be deemed to be "revolving." Straining to make its case, Google counts the filing of an additional action in this Court by plaintiffs' counsel (which this Court then properly ordered consolidated) as a "door revolution;" but no substitution

---

[1] Google's suggestion that the Court should construe this motion as one by AIT to intervene pursuant to Fed. R. Civ. P.24 [Google Memo p. 1, footnote 1] should be declined. Intervention requires the filing of a new pleading by the party seeking to intervene setting forth the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c). AIT is explicitly adopting Click Defense's complaint as its own. [Declaration of Clarence Briggs ¶5.]

3
REPLY TO OPPOSITION TO MOTION
TO SUBSTITUTE REPRESENTATIVE PLAINTIFF
CASE NO. C-05-02579-RMW

has been sought in that case and Google has yet to file an answer. At most, Google might argue that the number of representative plaintiffs has increased from one to two (hardly a burdensome number in any class action). Google's characterization of the "door of plaintiffs" as "revolving" has no basis in fact.

This Court has significant experience with class actions and is highly unlikely to permit a true "revolving door of representative plaintiffs." Plaintiffs' counsel are therefore under no illusion as to the burden they would face in convincing the Court of the propriety of an additional substitution on some later date in the absence of compelling circumstances. For this reason, it is improper for Google to ask this Court to pre-determine whether or not hypothetical future substitutions of representative plaintiffs should be allowed. Such a determination properly awaits the making of the motion.

Moreover, because plaintiffs' counsel owe a fiduciary duty to the class and have a responsibility to seek an appropriate substitute representative should the current representative prove unsuitable, *Lowenschuss v. Bluhdorn*, 78 F.R.D. 675, 678 (S.D.N.Y. 1978), plaintiffs' counsel do not believe that it is proper for them to agree in advance to be constrained from seeking further substitutions of representatives should the need arise. When and if another motion to substitute becomes necessary, the entire issue can be revisited based on an actual record rather than conjecture.

Google also argues that substitution should be conditioned on requiring Click Defense to respond to discovery demands and to appear for a "seven hour deposition." In support of this argument, Google makes the absurd claim that because Click Defense is an "expert" in click fraud, Click Defense has now realized, "that this case does not satisfy Rule 23's requirements for class certification." How Google arrives at this stunning conclusion with regard to a company run by non-lawyers is anybody's guess, but plaintiffs' counsel respectfully decline to join Google in its flight of fancy. Under Google's logic, every party who withdraws as a class representative must be "debriefed" in discovery as to the reasons for its withdrawal. Aside from the fact that Google's argument presumptively intrudes on the privilege from disclosure extended to attorney-

client communications as now subsumed in Fed. R. Evid. 501, there is no support in federal statute or case law for such position.

What is more, even if Google could somehow elicit the testimony it believes Click Defense is purportedly prepared to give, Click Defense's opinion as to whether or not this case is appropriate for class certification would be inadmissible as testimony on a legal matter. *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them. That Click Defense is an expert on click fraud doesn't make the testimony of its employees any more admissible with respect to the propriety of class certification. Expert testimony concerning legal issues is similarly inadmissible. *Aguilar v. International Longshoremen's Union Local # 10*, 966 F.2d 443, 447 (9th Cir.1992).

Lastly, Google's argument that it has a supposed bona fide need for discovery from Click Defense notwithstanding Click Defense's dismissal of all direct claims against Google would have at least the remote appearance of credibility had Google actually propounded discovery to Click Defense before the filing of this motion.[2]

If Google wishes to take discovery of Click Defense following substitution, it may attempt to do so via subpoena. Then, in response to a motion to quash, Google can explain its need for disclosure of Click Defense on a full record. At this juncture however, and in the absence of any showing of good cause, Google is not entitled to a pre-emptive order compelling discovery.

---

[2]  Google's citation to *Cobell v. Norton*, 213 F.R.D. 43 (D.C. 2003) as supporting its argument that it should be allowed to depose Click Defense following substitution is erroneous. In *Cobell*, the court ordered discovery of the withdrawing representative because although he had been "removed as a named representative, he continue[d] to be an individual plaintiff in the present action." *Id.* at 47. Here, in contrast, Click Defense's motion also seeks leave to dismiss its individual claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Further, several factors which militated toward permitting the discovery sought in *Cobell* are absent here, namely that the action had been pending for more than seven years prior to substitution and that the Department of the Interior had already propounded discovery requests to the former representative plaintiff.

5
REPLY TO OPPOSITION TO MOTION
TO SUBSTITUTE REPRESENTATIVE PLAINTIFF
CASE NO. C-05-02579-RMW

**CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant its motion for leave to: (1) withdraw as representative plaintiff; (2) discontinue its individual claims without prejudice; (3) substitute Advanced Internet Technologies, Inc. as representative plaintiff; and (4) amend the caption accordingly and grant such other and further relief as the Court deems just and proper.

DATED:  December 29, 2005

Respectfully submitted,
CHITWOOD HARLEY HARNES LLP


By:  /s/ Darren T. Kaplan
 DARREN T. KAPLAN (Admitted *pro hac vice*)
And KABATECK BROWN KELLNER LLP and LAW OFFICES OF SHAWN KHORRAMI, Attorneys for Plaintiff