RICHARD L. KELLNER, SBN 171416
FRANK E. MARCHETTI, SBN 203185
KABATECK BROWN KELLNER LLP
350 South Grand Avenue, 39th Floor
Los Angeles, California 90071-3801
Telephone:   (213) 217-5000
Facsimile:  (213) 217-5010

DARREN T. KAPLAN (Admitted *Pro Hac Vice*)
GREGORY E. KELLER (To be admitted *Pro Hac Vice*)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 873-3900
Facsimile:  (404) 876-4476

SHAWN KHORRAMI, SBN 180411
LAW OFFICES OF SHAWN KHORRAMI
14550 Haynes Street, Third Floor
Van Nuys, California 91411
Telephone:  (818) 947-5111
Facsimile:  (818) 947-5121

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., a North Carolina corporation, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC.,  a Delaware Corporation, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. C 05 02579  RMW<br><br>Consolidated with<br>Case No. C 05 02885 RMW<br><br>**PLAINTIFF ADVANCED INTERNET TECHNOLOGIES,  INC.'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTARY MATERIAL IN OPPOSITION TO DEFENDANT GOOGLE, INC.'S MOTION TO STAY**<br><br>Judge:  Hon. Ronald M. Whyte<br><br>Date Complaint Filed:    June 24, 2005<br><br>Trial Date:  None set |
| STEVE MIZERA, an Individual, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC.,  a Delaware Corporation, and DOES 1 through 100, Inclusive,<br><br>Defendants. | |

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTARY MATERIAL
IN OPPOSITION TO DEFENDANT GOOGLE, INC.'S MOTION TO STAY
Case No. C 05 02579  RMW

Dockets.Justia.com

## I.     INTRODUCTION

Under Civil L.R. 7-11, plaintiff and proposed representative class plaintiff, Advanced Internet Technologies, Inc. ("AIT") moves for an administrative order permitting AIT to file supplementary material in further opposition to defendant Google, Inc.'s ("Google's") Motion to Stay Pending Settlement.

On March 9, 2006, Google filed a motion[1] to stay this action because it had supposedly reached a settlement of another putative class action against Google pending in the Circuit Court of Miller County Arkansas which raised similar claims against Google as those raised by AIT here.  AIT seeks to file supplementary material which was not available to it at the time its Opposition to Google's motion was due on March 13, 2006.  Such supplementary material consists of: (a) the transcript of the hearing held in the Circuit Court of Miller County Arkansas on March 14, 2006 on AIT's motion to intervene in that action; (b) a copy of a letter setting forth the decision of the Circuit Court of Miller County Arkansas denying AIT's motion to intervene dated March 31, 2006; and (c) the declaration of W. David Carter describing the proceedings in what was supposed to be the preliminary approval hearing for the proposed settlement in the Circuit Court of Miller County Arkansas on April 3, 2006.

## II.     BACKGROUND

AIT filed a motion to intervene in the Circuit Court of Miller County Arkansas (the "Arkansas Action) on February 17, 2006.   As required by this Court's scheduling order, AIT also filed a motion for class certification in this Court on March 6, 2006.  Three days after AIT

---

[1] Like this motion, Google's motion to stay was an administrative motion pursuant to Civil L.R. 7-11.  Among other arguments advanced, AIT opposed Google's motion as improper in that the relief that Google seeks—a stay of proceedings pending settlement of a nationwide class action in another court—is fully dispositive of the claims asserted herein; relief which minimally should require full briefing and oral argument.  In contrast, AIT's motion merely seeks an order permitting it to file supplementary material; relief which fits squarely within the rubric of "administrative" relief as described in Civil L.R. 7-11.  AIT makes this motion to advise the Court of certain developments that have occurred since the filing of Google's Motion to Stay and does not hereby waive its objection that Google's "administrative" motion to stay was procedurally improper.

moved for class certification, Google moved to stay this action based on the assertion that

Google had reached a "comprehensive class settlement" with the plaintiffs in the Arkansas

Action.

### III.    ARGUMENT

Google  premised its Motion to Say Pending Settlement, at least in part, on the argument

that: "[a]s noted, AIT has moved to intervene in the Arkansas action . . . Thus, AIT may be

allowed to participate fully in the Arkansas case as a named plaintiff."  [Google's Motion to Stay

Pending Settlement p. 4:23-25]   What Google failed to advise the Court in its motion is that

*Google intended to oppose AIT's motion to intervene in the Arkansas Action*.  In fact, just five

days later, Google, by the very attorney who authored Google's Motion to Stay, opposed AIT's

motion to intervene at the hearing in Arkansas.  [Exhibit "1" to the Declaration of Darren T.

Kaplan (the "Kaplan Dec.") pp. 30-33]  The transcript of the hearing on AIT's motion to

intervene in the Arkansas Action is supplementary material which this Court should consider in

ruling on Google's Motion to Stay.

Further, on March 31, 2006, the Hon. Joe Griffin, the judge in the Arkansas Action,

advised the litigants that he was denying AIT's motion to intervene as untimely—precisely the

grounds which Google advanced at the hearing on AIT's motion to intervene.[2]  [Exhibit "2" to

the Kaplan Dec.]  The denial of AIT's motion to intervene is supplementary material which this

Court should consider in ruling on Google's Motion to Stay.

Finally, notwithstanding Google's representation to this Court to the effect that "Google

and the plaintiffs in the Arkansas case have reached a comprehensive class settlement that, once

finalized will resolve all of the class claims pending before this Court,"  [Google's Motion to

Stay Pending Settlement p. 1:7-9] the settlement in question appears to be more hypothetical

---

[2] In contrast to Google, the plaintiffs in the Arkansas Action argued at the hearing that AIT's
motion to intervene was *premature*.

than comprehensive. As set forth in the declaration of AIT's Arkansas local counsel, "counsel for the Arkansas plaintiffs and Google represented on the record that they had not reached a settlement agreement that could be presented for the Court's review." [Exhibit "3" to the Kaplan Dec.] Thus, despite the fact that the Arkansas plaintiffs had scheduled April 3, 2006 as the date for preliminary approval of the purported settlement with Google, no settlement agreement could be presented and no preliminary approval was obtained.

The next preliminary approval date in the Arkansas Action is April 20, 2006; perhaps Google and the Arkansas plaintiffs will have reached a settlement by then, perhaps not. In any event, Google's purported settlement of the Arkansas Action is not sufficiently certain as to warrant a stay of these proceedings. The proceedings in the Arkansas Action on the motion for preliminary approval of the supposed settlement are supplementary material which this Court should consider in ruling on Google's Motion to Stay.

## IV.    CONCLUSION

For the foregoing reasons, AIT respectfully requests that this Court permit AIT to file supplementary material in further opposition to Google's Motion to Stay Pending Settlement.


Dated: April 3, 2006                    CHITWOOD HARLEY HARNES LLP


                                        By:_____/s/ Darren T. Kaplan_____
                                            DARREN T. KAPLAN (Admitted *Pro Hac Vice*)
                                        Attorneys for Plaintiff ADVANCED INTERNET
                                        TECHNOLOGIES, INC.