# EXHIBIT A

Dockets.Justia.com



Joe E. Griffin, Judge
Miller County Courthouse
Texarkana, Arkansas 71854
Ph. (870) 774-2421
Fax (870) 772-4680

**OFFICE OF THE CIRCUIT COURT**
EIGHTH JUDICIAL DISTRICT - SOUTH
STATE OF ARKANSAS
DIVISION ONE

COUNTIES:
LAFAYETTE
MILLER

**RECEIVED**

JUL 2 ? 2006

**GLM**
**RAA**
**MLC**
**FILE**
*PNC*
*JW*

July 27, 2006

All Counsel of Record

RE: Final Order and Judgment Approving Settlement, Certifying
Class for Settlement Purposes, Awarding Class Counsel Attorneys'
Fees and Dismissing Action with Prejudice as to the Defendant, Google
Inc., in Lane's Gift and Collectibles, L.L.C. et al vs. Yahoo! Inc...
and Google Inc. et al; Miller County Circuit No. CV-2005-052-1

Dear Counsel:

After due consideration of the arguments of counsel, the pleadings and all other
matters submitted to the Court, it is the Court's opinion that the Plaintiffs' and Defendant,
Google Inc.'s, Joint Motion for Final Approval of Settlement and for Entry of Order,
Judgment and Rule 54(b) Certificate should be granted.

The Court finds that all of the requirements for certification of this class pursuant
to Rule 23 of the Arkansas Rules of Civil Procedure have been met as it relates to this
settlement proposal; that the settlement is fair, reasonable and adequate for all members
of the class pursuant to the factors specified in the Ballard decision; that the notice
provisions as specified by the Court have been met and that those provisions meet the
necessary legal requirements for notice and due process; that this Court has jurisdiction
over the subject matter of and the parties to this cause of action; that the objections filed
and argued to the Court should be rejected; that those requests timely presented for
exclusion herein should be granted; that the requests for Attorneys' fees and costs should
be granted and that the provisions of the Stipulations and Proposed Settlement should be
approved by this Court.

The Court's precedents approving the Settlement, Attorneys' fees and Rule 54(b)
Certification are attached hereto for your convenience.

Respectfully,

Joe E. Griffin
Circuit Judge

IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

| | | |
|---|---|---|
| LANE'S GIFTS AND COLLECTIBLES, L.L.C. AND MAX CAULFIELD d/b/a CAULFIELD INVESTIGATIONS, INDIVIDUALLY AND AS CLASS REPRESENTATIVES ON BEHALF OF ALL SIMILARLY SITUATED PERSONS, | § § § § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | CASE NO. CV-2005-52-1 |
| YAHOO! INC., OVERTURE SERVICES, INC., TIME WARNER INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, ASK JEEVES, INC., BUENA VISTA INTERNET GROUP D/B/A GO.COM, GOOGLE INC., LYCOS, INC., LOOKSMART, LTD., and FINDWHAT.COM, INC. | § § § § § § § § | |
| *Defendants*. | § | NATIONAL CLASS ACTION |

---

### FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, AWARDING CLASS COUNSEL ATTORNEYS' FEES AND DISMISSING ACTION WITH PREJUDICE

---

On this 24th and 25th day of July, 2006, the Court considered the Joint Motion for Final

Approval of Stipulation and Settlement ("Joint Motion for Final Approval") and Class Counsel's

Application for Attorneys' Fees and Reimbursement of Costs Related to the Google Stipulation

and Settlement ("Class Counsel's Application for Fees").

The Joint Motion for Final Approval requests (a) certification of the class for settlement purposes only; (b) final approval of the Proposed Settlement preliminarily approved by this Court on April 20, 2006 and memorialized in the *Stipulation and Settlement Agreement* and *Order Preliminarily Approving Class Settlement*; and (c) dismissal with prejudice of Plaintiffs' claims against Defendant Google, Inc. ("Google"). Class Counsel's Application for Fees requests that this Court award attorneys' fees and reimbursement of expenses to Class Counsel in connection with this Action. In connection with the Joint Motion for Final Approval and Class Counsel's Application for Fees, the Court considered, among other things, said pleadings, all exhibits and affidavits thereto, Plaintiffs' and Google's Brief in Support of Joint Motion for Final Approval of Stipulation of Settlement, all exhibits and attachments thereto, the report of Alexander Tuzhilin, Ph.D. ("Dr. Tuzhilin"), the Affidavit of United States District Judge Layn R. Phillips, Retired ("Judge Phillips"), the Affidavit of Lisa Poncia, Google's Omnibus Response to Objections and the Affidavits in support thereof, including the Affidavit of Joseph Fisher, and arguments of counsel. Appearing on behalf of Plaintiffs and the Settlement Class were George McWilliams and Richard Adams of the law firm of PATTON, ROBERTS, McWILLIAMS & CAPSHAW, L.L.P., John Goodson and Matt Keil of the law firm KEIL & GOODSON P.A., Joel M. Fineberg and R. Dean Gresham of the LAW OFFICES OF JOEL M. FINEBERG, P.C., Stephen F. Malouf of the LAW OFFICES OF STEPHEN F. MALOUF, P.C., Kevin A. Crass of the law firm of FRIDAY, ELDREDGE & CLARK and James M. Pratt, Jr. ("Class Counsel"), and appearing on behalf of Defendant Google were Jennifer Haltom Doan of the law firm of HALTOM & DOAN, L.L.P. and David Silbert and Daralyn J. Durie of the law firm of KEKER & VAN NEST L.L.P.

WHEREAS Plaintiffs and Google have executed and filed a Stipulation and Settlement Agreement (the "Stipulation") with the Court on April 19, 2006; and

WHEREAS the Stipulation is hereby incorporated by reference in this Order and all terms defined in the Stipulation will have the same meanings in this Order; and

WHEREAS the Court, on April 20, 2006, entered the Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, conditionally certifying, for settlement purposes only, this Action against Google as a class action, and scheduling a hearing for July 24-25, 2006 at 9:00 a.m. ("Settlement Approval Hearing") in order to: (a) determine whether the Proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be finally approved by the Court; (b) determine whether a final judgment should be entered herein; and (c) consider Class Counsel's Application for Fees; and

WHEREAS, the Court ordered that the Notice of Pendency of Settlement of Class Action, Settlement Hearing and Claims Procedure (hereinafter referred to as "Individual Notice"), in the form attached to the Preliminary Approval Order as Exhibit "1," be e-mailed by the Google and/or the Third Party Administrator, Gilardi & Co., LLC, on or before May 20, 2006 (the "Notice E-Mailing Date") to all potential Class Members whose names and e-mail addresses were ascertained by Google through a reasonable search of its own records; and

WHEREAS the Plaintiffs and Google have satisfactorily demonstrated that such Individual Notice was e-mailed in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Individual Notice, the Settlement Approval Hearing was duly held before this Court on July 24-25, 2006; and

WHEREAS, at the Settlement Approval Hearing, the Court considered: (a) whether certification for settlement purposes only was appropriate under Arkansas Rule of Civil

Procedure 23; (b) the fairness, reasonableness, and adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's Application for Fees under applicable Arkansas law; and

WHEREAS, at the Settlement Approval Hearing, the Court fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Stipulation and Class Counsel's Application for Fees by considering not only the pleadings and arguments of Plaintiffs, Class Counsel, and Google, but also by rigorously and independently evaluating the Stipulation and Class Counsel's Application for Fees on behalf of the absent Class Members, and as such, the Court considered any argument that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Fees, even if such argument was not actually presented to the Court by pleading or oral argument; and

WHEREAS, by performing this independent analysis of the Joint Motion for Final Approval and Class Counsel's Application for Fees, the Court has considered and protected the interests of all absent Class Members pursuant to Arkansas Rule of Civil Procedure 23; and

WHEREAS, the Individual Notice advised Class Members of the method by which a Class Member could request exclusion from the Settlement Class and pursue an independent legal remedy against Google; and

WHEREAS, all Class Members had the absolute right to exclude themselves ("opt out") and pursue an individual lawsuit against Google; and

WHEREAS, any Class Member who failed to request exclusion under the terms of the Individual Notice voluntarily waived the right to pursue an independent remedy against Google; and

WHEREAS, the Individual Notice advised Class Members of the method by which a Class Member could file proper and valid objections to the Stipulation and request to be heard at the July 24-25, 2006 Settlement Approval Hearing.

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Joint Motion for Final Approval and Class Counsel's Application for Fees, and having reviewed and considered the files and records herein, and all other evidence submitted, finds and concludes as follows:

1.     The definitions and terms set forth in the Stipulation are hereby adopted and incorporated into this Order.

2.     The Complaint filed in this Action alleges that Google was unjustly enriched by collecting revenue for invalid clicks.  Google denies those allegations.

3.     On or about July 24-25, 2006, Plaintiffs and Google applied to the Court for final approval of the Stipulation and the Proposed Settlement embodied therein and for the entry of this Final Order and Judgment.  In support of such application, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of the Individual Notice, evidence regarding the names of potential Class Members who have submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Stipulation, evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Stipulation and the Proposed Settlement embodied therein, and evidence regarding the fairness, reasonableness, and adequacy of Class Counsel's Application for Fees.  In Support of the Joint Motion for Final Approval, Plaintiffs and Google submitted a Brief in Support of Joint Motion for Final Approval, setting forth extensive argument and authority along with various Exhibits attached thereto, and Google submitted a Response to Objections with supporting Affidavits.

Class Counsel's Application for Fees contained both extensive argument and authority and various Exhibits attached thereto.

4. Plaintiffs offered into evidence at the Settlement Approval Hearing the following evidence: the Stipulation and all Exhibits thereto, all Exhibits attached to the Joint Motion for Final Approval, all Exhibits attached to Plaintiffs' Brief in Support of Joint Motion for Final Approval, and all Exhibits attached to Class Counsel's Application for Fees. The Court admitted such Exhibits into evidence for all purposes. The Court also reviewed the Affidavits of Dr. Alex Tuzhilin, Judge Layn Phillips, Lisa Poncia, and Joseph Fisher.

5. As part of its Preliminary Approval Order, the Court certified, for settlement purposes only, a Settlement Class defined as follows:

> All Persons together with any officer, employee or agent of the same that have purchased Online Advertising from Google in the Class Period, regardless where the ad was displayed.

6. The Court hereby affirms this definition of the Settlement Class for purposes of this Final Order and Judgment and certifies this Action against Google, for settlement purposes only, as a class action. In so doing, the Court finds, for settlement purposes only, that this Action meets all the requirements of Arkansas Rule of Civil Procedure 23 and due process under the Arkansas and United States Constitutions, and can therefore be certified as a class action because: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact – *i.e.*, whether Google collected revenues from its advertisers that was derived from invalid clicks during the Class Period, that are common to the Settlement Class and predominate over any individual questions – *i.e.*, whether advertisers have been charged for invalid clicks during the Class Period; (c) the claims of the representative Plaintiffs are typical of the claims of the Settlement Class; (d) the representative Plaintiffs and Class Counsel will fairly

and adequately protect the interests of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

7.    Plaintiffs and Google have entered into the Stipulation, which has been filed with the Court and is incorporated herein by reference. The Stipulation provides for the settlement of this Action with Google on behalf of the representative Plaintiffs and the members of the Settlement Class, subject to final approval by the Court. The Stipulation provides that, in exchange for the releases described in the Stipulation and this Final Order and Judgment, Google will provide a total Settlement Consideration consisting of: (a) advertising credits to all qualifying members of the Settlement Class, (b) in the event that a minimum of $30,000,000 in advertising credits is not claimed by the Settlement Class, Google will make the difference between the claimed advertising credits and $30,000,000 available to Section 501(c)(3) charitable organizations who timely make application; (c) an independent technology audit by Dr. Tuzhilin to evaluate the reasonableness of Google's click fraud detection efforts; and (d) an amount not to exceed $30,000,000 in attorneys' fees, costs, and expenses payable to Class Counsel; and (e) Google's agreement to pay the costs of notice and administration of the Settlement.

8.    On April 20, 2006, the Court held a Preliminary Approval Hearing and considered whether to preliminary approve the Stipulation, approved the Individual Notice and method of notification for the Settlement Class, and directed that Individual Notice of the Proposed Settlement and notice of the Settlement Approval Hearing be disseminated in accordance with the terms of the Stipulation and the Preliminary Approval Order.

9.    On July 24-25, 2006, the parties provided evidence that the Individual Notice, which informed the Settlement Class of the terms of the Proposed Settlement, of their

opportunity to request exclusion from the Settlement Class, and of their opportunity to object to the terms of the Stipulation and the Proposed Settlement embodied therein, was disseminated in accordance with the Preliminary Approval Order.

10.     Specifically, the Court received and admitted an Affidavit from Lisa Poncia, an employee of the Third Party Administrator, Gilardi & Co. LLC, setting forth the scope and results of the Individual Notice campaign.

11.     Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Individual Notice, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminarily Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class. Accordingly, the Individual Notice as disseminated is finally approved as fair, reasonable, and adequate notice under the circumstances. The Court finds and concludes that due and adequate notice of the pendency of this Action, the Stipulation, and the Final Settlement Hearing has been provided to members of the Settlement Class, and the Court further finds and concludes that the Individual Notice campaign described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Arkansas Rule of Civil Procedure 23 and the requirements of due process under the Arkansas and United States Constitutions. The Court further finds that the Individual Notice campaign undertaken concisely and clearly states in plain, easily understood language:

   a)  the nature of the action;

   b)  the definition of the class certified;

   c)  the class claims, issues or defenses;

    d)  that a Class Member may enter an appearance and participate in person or through counsel if the member so desires;

    e)  that the Court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and

    f)  the binding effect of the Final Order and Judgment on Class Members.

12.    Having admitted and reviewed the Affidavit of Lisa Poncia concerning the success of the notice campaign, including the fact that it resulted in an observed error rate of less than 5%, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual Class Members who had an earlier opportunity to request exclusion, but failed to do so. The Court also concludes that the lack of valid objections to the Stipulation and Proposed Settlement embodied therein supports the Court's decision to not offer a second exclusion window.

13.    The Settlement Approval Hearing and the evidence before the Court clearly support a finding that the Stipulation was entered into in good faith between the Plaintiffs and Google.

14.    The Court finds that the Stipulation is the result of a good faith arm's length negotiation by the Parties hereto. In addition, the Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Stipulation and the Proposed Settlement embodied therein is fair, reasonable and adequate to members of the Settlement Class based on informal discovery, due diligence, and the absence of material objections sufficient to deny approval.

15.    The settlement of the Action on the terms and conditions set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable, and adequate under

Arkansas Rule of Civil Procedure 23, and in the best interest of the Settlement Class and Settlement Class Members, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result through pre-trial proceedings, class certification proceedings, trial, and appeals.

16.    A review of the following factors supports a finding that the Stipulation and Proposed Settlement embodied therein is fair, reasonable, and adequate:

      a)    the strength of the case for the Plaintiffs on the merits, balanced against the amount offered in the Proposed Settlement;

      b)    the Defendant's overall financial condition and ability to pay;

      c)    the complexity, length and expense of further litigation; and

      d)    the amount of opposition to the Proposed Settlement.

*Ballard v. Advance America,* 349 Ark. 545, 574, 79 S.W.3d 835 (2002), *cert. denied,* 538 U.S. 906, 123 S. Ct. 1484, 155 L. Ed. 2d 226 (2003).

17.    The Individual Notice was sent to Class Members whose names were ascertained by Google through a reasonable search of its own records. The Individual Notice campaign was highly successful, with an observed error rate of only approximately 5%.

18.    With respect to the objections lodged by Settlement Class Members, the Court, in its evaluation of the fairness, reasonableness and adequacy of the Stipulation and Class Counsel's Application for Fees, considered not only the objections that were before the Court, but those that could have been raised by any absent Class Members. With regard to these objections, the Court finds that, for the reasons stated in this Order, said objections are OVERRULED.

19.    The Settlement Class is not required under the Stipulation to submit records or documents that they simply do not possess. The Settlement Class is not burdened or discouraged from filing claims because they are required only to provide information to the best of their knowledge in submitting a Claim Form. Additionally, the manner in which documents in Google's possession are used to evaluate and process claims is fair and reasonable based upon the terms of the Stipulation and evidence presented at the Settlement Approval Hearing. The claims process as set forth in the Stipulation is fair, reasonable, and adequate to both Class Members and Google.

20.    The Court finds that $ 30,000,000.00 _(THIRTY MILLION dollars)_____ in attorneys' fees and _____ expenses, to be paid by Google, is fair, reasonable, and adequate.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    The Court possesses jurisdiction over the subject matter of this Action, the Plaintiffs, Google, members of the Settlement Class, and the Released Persons.

2.    The Court certifies the Settlement Class, for settlement purposes only, under Arkansas Rule of Civil Procedure 23.

3.    Timely requests for exclusion were submitted by 556 potential members of the Settlement Class and those potential Class Members (who are identified in Exhibit "1" hereto) are excluded from the Settlement Class. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Stipulation and the Proposed Settlement embodied therein, including the releases provided for in the Stipulation and this Final Order and Judgment.

4.    All provisions and terms of the Stipulation are hereby finally approved in all respects.  The parties to the Stipulation are hereby directed to consummate the Stipulation in accordance with its terms.

5.    As it relates to Google only, this Action is dismissed in its entirety on the merits, with prejudice and without leave to amend, and all members of the Settlement Class are forever barred and permanently enjoined from starting, continuing, or participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts or circumstances alleged in this Action and/or the Released Claims against the Released Persons.

6.    Class Counsel agrees, and the Court finds, that any representation, encouragement, solicitation or other assistance, including but not limited to referral to other counsel, to any person seeking exclusion from the Settlement Class, or any other person seeking to litigate with Google over any of the Released Claims in this matter, prior to the Final Settlement Approval Hearing, could place Class Counsel in a conflict of interest with the Settlement Class.  Accordingly, Class Counsel and their respective firms shall not represent, encourage, solicit or otherwise assist, in any way whatsoever, including but not limited to referrals to other counsel, any person requesting exclusion from the Settlement Class.

7.    Upon the entry of this Final Order and Judgment, each Class Member shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims.

8.    "Released Claims" means and includes all claims, demands, rights, liabilities, and causes of action that were asserted or might have been asserted, whether sounding in tort, contract, any state unfair competition or consumer protection law, or any other law of any state

or jurisdiction, and whether for economic damages, non-economic damages, restitution, penalties, or any other relief, so long as the claim, demand, right, liability, or cause of action arises out of, relates to, or is in connection with:

    a)    the causes of action asserted against Google in the Action, including but not limited to any and all claims that Google breached any contract between it and any Class Member, or otherwise violated any law whatsoever, by overcharging Class Persons for Online Advertising as a result of Challenged Clicks;

    b)    any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the monies Google received for Online Advertising should not have been charged, received or held by Google as a result of Challenged Clicks;

    c)    the causes of action asserted in the Complaint against Google's Ad Partners insofar as they relate to Google Ads, including but not limited to any and all claims that the monies they received for publishing Google Ads should not have been received or held by them as a result of Challenged Clicks; or

    d)    any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the monies that Google Ad Partners received for publishing Google Ads should not have been received or held by them as a result of Challenged Clicks.

9.    "Unknown Claim" means any claim arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true. The Released Claims defined in Paragraph 8 above, include all Unknown Claims arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiffs, by the Settlement Class, and/or by any Class Member arising from or in any way related to the Released Claims. The Court finds and concludes that Plaintiffs, on behalf of themselves and all members of the Settlement Class, have expressly, knowingly, voluntarily, and validly waived the provisions of any state, federal, municipal, local or territorial law or statute (including, but not limited to, that of the District of Columbia) providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court. Without limiting the foregoing in any way, the Court finds and concludes that Plaintiffs, on behalf of themselves and all members of the Settlement Class, have expressly, knowingly, voluntarily, and validly waived all rights under Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

10.    The names, addresses, policy numbers, and other data concerning potential Class Members compiled by Google in effectuating the Proposed Settlement, the electronic data processing and other record keeping procedures and materials utilized by Google in identifying the potential Class Members and effectuating Google's other obligations under the Stipulation

and the Proposed Settlement embodied therein, constitute highly confidential and proprietary business information. The confidentiality of all such information (the "Proprietary Information") shall be protected from disclosure to any Persons other than those described in Paragraph 12, below.

11.   No Persons other than Google's counsel and clerical/administrative personnel employed by Google, Class Counsel and clerical/administrative personnel employed by Class Counsel, and such other Persons as the Court may order, after hearing on notice to all counsel of record, shall be allowed access to any Proprietary Information.

12.   The Stipulation and Proposed Settlement embodied therein and this Final Order and Judgment are not deemed admissions of liability or fault by Google, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Google. The Stipulation and Proposed Settlement embodied therein are not a concession by the Parties and, to the extent permitted by law, neither this Final Judgment nor the Stipulation or any other documents, exhibits or materials submitted in furtherance of the settlement, shall be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Google.

13.   Pursuant to Class Counsel's Application for Fees, the Court jointly awards Class Counsel the sum of $30,000,000.00 in attorneys' fess and costs. Google shall pay such fees to Class Counsel pursuant to the terms of the Stipulation.

14.   The Court appoints the following Third Party Administrator to carry out the duties and responsibilities set forth in the Stipulation: Gilardi & Co. LLC. The Third Party Administrator shall be discharged upon the Court's approval of the Final Report of Distribution. Neither

Plaintiffs, nor Google, nor the Parties' counsel shall be liable for any act or omission of the Third Party Administrator.

15.     As soon as reasonably possible after the completion of all payments to Class Members eligible for payment pursuant to the Stipulation, the Parties shall file with the Court a Final Report (together with a proposed order approving such report and discharging the Third Party Administrator indicating that distribution in accordance with the terms of the Stipulation and the Court's prior Orders have been completed.

16.     Without in any way affecting the finality of this Final Order and Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

     a)    Enforcing the Stipulation and the Proposed Settlement embodied therein;

     b)    Hearing and determining any application by any Party to the Stipulation for a settlement bar order; and

     c)    Any other matters related or ancillary to any of the foregoing.

It is so ORDERED.

SIGNED this **26th** day of July, 2006.

                                  HONORABLE JOE E. GRIFFIN
                                  JUDGE OF THE CIRCUIT COURT

06 JUL 26 PH 4: 34

### Rule 54(b) CERTIFICATE

With respect to the issues determined by the above Final Order and Judgment, the Court finds:

1. Nothing in this Final Order and Judgment is duplicative of any other issue in this Action. There is therefore no possibility of piecemeal appeals.

2. There is a strong likelihood of injustice should there be any delay in the disbursement of payments to qualifying Settlement Class Members as provided for in the Settlement. Such disbursement cannot occur until a final judgment is issued.

3. There is a strong likelihood of injustice should there be any delay in the resolution, and resulting judicial peace, brought about by this Settlement. Such resolution, and resulting judicial peace, cannot be realized until a final judgment is issued.

Upon the basis of the foregoing factual findings, the Court hereby certifies, in accordance with Arkansas Rule of Civil Procedure 54(b)(1) that it has determined that there is no just reason for delay of the entry of a final judgment and that the Court has and does hereby direct the judgment shall be a final judgment for all purposes.

Certified this 26th day of July, 2006.

HONORABLE JOE E. GRIFFIN
JUDGE OF THE CIRCUIT COURT

06 JUL 26 PM 4:34

IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

| | | |
|---|---|---|
| LANE'S GIFTS AND COLLECTIBLES, L.L.C. AND MAX CAULFIELD d/b/a CAULFIELD INVESTIGATIONS, INDIVIDUALLY AND AS CLASS REPRESENTATIVES ON BEHALF OF ALL SIMILARLY SITUATED PERSONS, | § § § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | CASE NO. CV-2005-52-1 |
| YAHOO! INC., OVERTURE SERVICES, INC., TIME WARNER INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, ASK JEEVES, INC., BUENA VISTA INTERNET GROUP D/B/A GO.COM, GOOGLE INC., LYCOS, INC., LOOKSMART, LTD., and FINDWHAT.COM, INC. | § § § § § § § § | |
| *Defendants.* | § | NATIONAL CLASS ACTION |

---

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS TO CLASS COUNSEL**

---

Commencing on the 24th day of July, 2006, the Court considered Class Counsel's Application for Attorneys' Fees and Reimbursement of Costs Related to the Google Stipulation and Settlement ("Class Counsel's Application for Fees"). Having read and considered all submissions made in connection with Class Counsel's Application for Fees, having reviewed and considered the files and records herein, and all other evidence submitted[1], and pursuant to Rule 54 of the Arkansas Rules of Civil Procedure, the Court finds and concludes as follows:

1.    Plaintiffs and Google have executed and filed a Stipulation and Settlement

Agreement (the "Stipulation") with the Court on April 19, 2006.

2.      The Court ordered that the Notice of Pendency of Settlement of Class Action, Settlement Hearing and Claims Procedure ("Individual Notice"), in the form attached to the Preliminary Approval Order as Exhibit "1", be e-mailed by the Google and/or the Third Party Administrator, Gilardi & Co., LLC, on or before May 20, 2006 (the "Notice E-Mailing Date") to all potential Class Members whose names and e-mail addresses were ascertained by Google through a reasonable search of its own records.

3.      In accordance with the Individual Notice and the Settlement Approval Hearing was duly held before this Court beginning on July 24, 2006.

4.      At the Settlement Approval Hearing, the Court considered, among others, the fairness and reasonableness of Class Counsel's Application for Fees under applicable Arkansas law.

5.      At the Settlement Approval Hearing, the Court fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Stipulation and Class Counsel's Application for Fees by considering not only the pleadings and arguments of Plaintiffs, Class Counsel and Google, but also by rigorously and independently evaluating the Stipulation and Class Counsel's Application for Fees on behalf of the absent Class Members, and as such, the Court considered any argument that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Fees, even if such argument was not actually presented to the Court by pleading or oral argument.

---

[1] Including, but not limited to, all exhibits and attachments thereto, pleadings, the report of Alexander Tuzhilin, Ph.D. ("Dr. Tuzhilin"), the Affidavit of United States District Judge Layn R. Phillips, Retired ("Judge Phillips"), the Affidavit of Lisa Poncia, and arguments of counsel.

6.    By performing this independent analysis of the Joint Motion for Final Approval and Class Counsel's Application for Fees, the Court considered and protected the interests of all absent Class Members pursuant to Arkansas Rule of Civil Procedure 23.

7.    The definitions and terms set forth in the Stipulation are hereby adopted and incorporated into these Findings of Fact and Conclusions of Law.

8.    The Complaint filed in this Action alleges that Google was unjustly enriched by collecting revenue for invalid clicks and Google denies those allegations.

9.    On or about July 24, 2006, Plaintiffs and Google applied to the Court for final approval of the Stipulation and the Proposed Settlement embodied therein and for the entry of this Final Order and Judgment. In support of such application, Plaintiffs submitted, among other things, evidence concerning the dissemination and adequacy of the Individual Notice, evidence regarding the names of potential Class Members who have submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Stipulation, evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Stipulation and the Proposed Settlement embodied therein, and evidence regarding the fairness, reasonableness, and adequacy of Class Counsel's Application for Fees. In Support of the Joint Motion for Final Approval, Plaintiffs submitted a Brief in Support of Joint Motion for Final Approval, setting forth extensive argument and authority along with various Exhibits attached thereto. Class Counsel's Application for Fees contained both extensive argument and authority and various Exhibits attached thereto.

10.    Plaintiffs offered into evidence at the Settlement Approval Hearing the following evidence: the Stipulation and all Exhibits thereto, all Exhibits attached to the Joint Motion for Final Approval, all Exhibits attached to Plaintiffs' Brief in Support of Joint Motion for Final

Approval, and all Exhibits attached to Class Counsel's Application for Fees. The Court admitted such Exhibits into evidence for all purposes. The Court also accepted the testimony of Dr. Tuzhilin, Judge Phillips, and Lisa Poncia.

11.    The Settlement Approval Hearing and the evidence before the Court clearly support a finding that the Stipulation was entered into in good faith between the Plaintiffs and Google.

12.    The Court finds that the Stipulation is the result of a good faith arm's length negotiation by the parties hereto. In addition, the Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Stipulation is fair, reasonable and adequate to members of the Settlement Class based on informal discovery, due diligence, and the absence of material objections sufficient to deny approval.

13.    The settlement of the Action on the terms and conditions set forth in the Stipulation is fair, reasonable, and adequate under Arkansas Rule of Civil Procedure 23, and in the best interest of the Settlement Class and Settlement Class Members, especially in light of the benefits to the Settlement Class and the costs and risks associated with the complex proceedings necessary to achieve a favorable result through pre-trial proceedings, class certification proceedings, trial, and appeals.

14.    The Court finds that $ _30,000,000.00_ in attorneys' fees and expenses, to be paid by Google, is fair, reasonable, and adequate under the Court's analysis of the *Chrisco* factors applied to a percentage of the common fund or common benefit approach. *See Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

15.    Under applicable Arkansas law, the Court has the discretion to award fees based on a percentage of the common fund or common benefit made available to the Class after considering the following *Chrisco* factors: "(a) the experience and ability of the attorneys; (b) the time and labor required to perform the legal services properly; (c) the amount involved in the case and the results obtained; (d) the novelty and difficulty of the issues involved; (e) the fee customarily charged in the locality for similar legal services; (f) whether the fee is fixed or contingent; (g) the time limitations imposed upon the client or by the circumstances; and (h) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer." *Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990).

16.    The Court adopts Class Counsel's analysis of the *Chrisco* factors as set forth in Sections IV through IX of Class Counsel's Application for Fees to support the Court's award of $ *30,000,000.00* in attorneys' fees and expenses to Class Counsel.

17.    Arkansas law regarding attorneys' fees in a class action against a private entity, such as Google, does not require or mandate that the Court determine and award attorneys' fees based on a lodestar analysis when the defendant has agreed to pay attorneys' fees as part of a common fund or common benefit settlement. Further, Arkansas law allows the Court to consider the total value of the common fund or common benefit made available to the Class for purposes of awarding attorneys' fees.

18.    The Court finds its award of $ *30,000,000.00* in attorneys' fees and expenses to Class Counsel is fair and reasonable and fully supported by this Court's analysis of the *Chrisco* factors. The Court adopts Class Counsel's analysis of the *Chrisco* factors contained in

Class Counsel's Application for Fees, and finds that this analysis of the *Chrisco* factors supports the Court's award of attorneys' fees and costs.

19.     The Court hereby incorporates by reference the Final Order and Judgment Approving Settlement, Certifying Class for Settlement Purposes, Awarding Class Counsel Attorneys' Fees and Dismissing Action with Prejudice into these Findings of Fact and Conclusions of Law in Support of Award of Attorneys' Fees and Reimbursement of Costs to Class Counsel.

SIGNED this ___26___ day of July, 2006.

HONORABLE JOE E. GRIFFIN
JUDGE OF THE CIRCUIT COURT